506 So.2d 1360 (1987)
Timothy S. STRICKLAND, Plaintiff-Appellant,
v.
Ora Jackson PITTS and Allstate Insurance Company, Defendants-Appellees.
No. 18701-CA.
Court of Appeal of Louisiana, Second Circuit.
May 6, 1987.
Rehearing Denied June 4, 1987.
C. William Gerhardt & Associates by John C. Turnage, Shreveport, for plaintiffappellant.
Nelson & Achee, Ltd. by James S. Denhollem, Shreveport, for defendants-appellees.
Before HALL, SEXTON and NORRIS, JJ.
SEXTON, Judge.
This litigation arises as the result of an intersectional automobile collision. The plaintiff-appellant, Timothy S. Strickland, instituted suit against Ora Jackson Pitts and her liability insurer, Allstate Insurance Company, in solido. Allstate reconvened. The lower court rejected both the demands of the plaintiff and the demands of the plaintiff-in-reconvention. From this judgment, plaintiff appeals and defendant Allstate Insurance Company answers. We affirm the rejection of the plaintiff's demands but reverse the judgment rejecting Allstate Insurance Company's demands and render in favor of the plaintiff-in-reconvention, Allstate.
Plaintiff filed this action seeking damages resulting from an automobile collision which occurred on May 13, 1985, at the intersection of Jewella Avenue and Mansfield Road in Shreveport, Louisiana, alleging that the accident was caused by the fault of the defendant.
Defendants Ora Pitts and her insurance company filed an answer denying plaintiff's allegations of fault and alleging that the sole cause of the accident was the fault of the plaintiff. As Ms. Pitts' subrogee, *1361 Allstate reconvened on the same basis. Defendants also, in the alternative, asked that if negligence were found on the part of the defendant Pitts, plaintiff's recovery be reduced in proportion to plaintiff's fault.
Plaintiff Strickland answered the reconventional demand of the defendant denying plaintiff's fault but, in the alternative, claiming that if the court found plaintiff at fault, then the law of comparative negligence should apply.
At approximately 4:30 in the afternoon, Ms. Pitts, returning home from work at AT & T, was traveling on the inside northbound lane on the Mansfield Road approaching its intersection with Jewella. Mr. Strickland was traveling south on Mansfield Road with the intention of making a left turn at this same intersection onto the service road which parallels the Mansfield Road. As Mr. Strickland made his left turn, the two vehicles collided.
The heart of the controversy at trial was a factual dispute as to the color of the respective traffic signals at the time of the accident.
Mr. Strickland, age 27, testified that the green arrow was on as he made his turn. However, he hesitated approximately one to two seconds before turning. He testified that he looked down Mansfield Road "because the last time I saw the light the arrow was going off. I knew I had been in the turn lane a long time and that it was fixing to turn yellow."
Mr. Strickland stated that he first became aware that the accident was going to occur only when it actually did happen. Prior to the accident, he heard no horns or brakes screeching. He stated the point of impact was approximately two to five feet into the left inside lane for northbound traffic. After the accident, his vehicle came to rest in the right lane for northbound traffic on Mansfield Road. At that point, he noticed Ms. Pitts' car in the Sports World parking lot approximately 100 to 150 yards away.
Mr. Jack Crick, a 40-year old interior designer, testified on behalf of the plaintiff. Mr. Crick lives in the same apartment complex as Mr. Strickland; however, they live in different buildings. Mr. Crick testified that he had no social encounters with Mr. Strickland other than seeing him occasionally at the complex pool during the summer.
Mr. Crick was at the Mansfield and Jewella intersection at the time of the accident and he witnessed the collision. He was driving north on the service road which runs parallel to Mansfield Road, approaching a stop sign. He testified that when he first noticed the light he was 30 to 40 yards from it. He observed the traffic light for the northbound traffic on Mansfield Road. He stated the light had just turned to yellow when he started to stop and that he did not "even come close to getting to the stop sign." He testified that he was watching the yellow light as he knew he had to stop before making a left turn. He then looked up and he saw a reflection from the hood over the light which furnished the turn signal for Strickland. He testified that Mr. Strickland definitely had the green arrow based on his observation of this reflection. Moreover, he concluded that Ms. Pitts would have had a red light at the time of impact based upon his experience of driving through the intersection three or four times daily.
Mr. Ronald Robert was a friend and passenger in the car of Mr. Strickland. He testified that Mr. Strickland was traveling approximately ten to fifteen miles per hour. He stated that as they entered the turn lane, a green arrow appeared. Mr. Robert contended that Mr. Strickland slowed down as he started to turn in order to observe if there was any oncoming traffic. He stated that Mr. Strickland actually turned underneath "a green arrow."
Officer David Crawford arrived at the scene of the accident shortly after the collision. Upon arrival, Officer Crawford questioned Mr. Strickland but not Ms. Pitts. Mr. Strickland told Officer Crawford that he was making a left turn on a green arrow which was almost at the end of its stage. Officer Crawford testified that he issued a questionable citation to Ms. Pitts for a red light violation based only on witnesses' *1362 statements. However, after examining the location of the accident, the points of impact, and the witnesses' statements, Officer Crawford testified that he could not tell whether Ms. Pitts had in fact proceeded through a red light. Thus, he testified that that citation was dismissed.
Ms. Ora Jackson Pitts, age 41 at the time of trial, had worked at AT & T for 20 years. She testified that she was driving her Delta 1980 approximately 35-40 m.p.h. northbound on Mansfield Road on her way home from work. She stated that there were cars ahead of her but that this traffic did not obscure her vision. She contended that she had looked at her traffic light and that it remained green throughout the entire time preceding the collision. She stated that her light never turned yellow when she was going through it.
Mr. Eddie Roy Pool, age 38 at the time of trial, was an engineer at AT & T. Mr. Pool stated that he had been employed at AT & T for seventeen years, and that he has seen Ms. Pitts at work once or twice a week for five years.
He testified that he was traveling northbound on Mansfield in the left lane and that he witnessed the collision. He stated that Ms. Pitts' traffic signal was green when she entered the intersection. He did not learn that Ms. Pitts was one of the persons involved in the collision until someone told him a few days later at work.
Mr. H.L. Cater has worked for the Traffic Engineering Department for the City of Shreveport for the last fifteen years. He is in charge of the computerization of traffic signals in Shreveport. He testified that on the day in question there were no reports of signal malfunctioning at the intersection in question.
Mr. Cater prepared a traffic signal inventory (T.S.I.) form which gave the exact indication of signals, their location, their phasing and timing. The T.S.I. contains an accurate drawing of the intersection and the placement of the traffic signals. Mr. Strickland's left turn lane is controlled by the traffic signal identified as # 1. This traffic signal has four faces consisting of red, yellow, green and left turn arrow. Also, there are two signs which read "LEFT LANE PROTECTED ON ARROW ONLY" and "LEFT TURN SIGNAL." Ms. Pitts' lane of travel is controlled by traffic signals # 5 and # 6. These traffic signals have three faces consisting of red, yellow and green.
The traffic signal controlling Mr. Strickland's left turn is suspended from a guy wire and is located near the end of the median separating the north and south bound lanes of Mansfield Road on the south side of the intersection. The stop sign at which Mr. Jack Crick was stopped is on the east side of the service road at a point across from and slightly ahead of the traffic signal controlling Mr. Strickland's left turn. The traffic signals controlling Ms. Pitts' lane of travel are suspended from a guy wire and are located over the north bound travel lanes on the north side of the intersection.
A green signal giving Ms. Pitts the right of way is present for a total of 42.3 seconds. Thereafter, a left turn arrow giving Mr. Strickland the right of way is present for a total of 10.5 seconds. Therefore, each signal is plain green at the same time for a total of 25.2 seconds.
Each traffic signal has a visor around each face which enables the light to be seen in bright daylight by confining the illumination to a controlled area. It also prevents confusion by shielding the light from the view of drivers on adjacent streets. A vehicle turning left off Mansfield Road toward the service road could not pass under the left turn signal.
After hearing all of the witnesses and reviewing all of the evidence in the case, the trial court found that the plaintiff did not prove by a preponderance of the evidence that the accident was caused by the defendant. Moreover, the trial court found that the defendant/plaintiff-in-reconvention did not prove by a preponderance of the evidence that the accident was the fault of the plaintiff/defendant-in-reconvention.
Thus, the trial court decreed that each party should bear his own damages. The trial court noted that while each side *1363 presented "plausible, believable and credible witnesses in addition to the parties," neither side met the burden of proving the other at fault.
On appeal, both parties cite Nelson v. Zurich Insurance Company, 247 La. 438, 172 So.2d 70 (1965), and contend that the trial court was clearly wrong in failing to resolve the disputed facts. More specifically, appellant contends that the trial court was clearly wrong in not finding that the plaintiff proved by a preponderance of the evidence that the accident was caused by the fault of the defendant. The appellee answers the appeal contending that the trial court erred in failing to find that the accident resulted solely from the fault of the plaintiff/defendant-in-reconvention, Timothy S. Strickland, and thus erred in failing to render judgment in favor of Allstate Insurance Company on the reconventional demand in the sum of $6,535.94, which it paid to Ms. Pitts in return for the right of subrogation thereto.
Courts have a duty to resolve the disputed facts. The Louisiana Supreme Court in Nelson v. Zurich Insurance Company, supra, stated:
From the foregoing, it is obvious that the opposed versions are irreconcilable, hence we must resort to the application of the well recognized rule that: "Where witnesses differ, the courts should reconcile, if possible, the apparent contradictions their testimony presents. If this cannot be done, then the probabilities or improbabilities of their respective statements must be considered in the light of their capacity, opportunity or incentive for observation, the amount of corroboration, if any, and the degree of proof required." Fridge v. Talbert, 180 La. 937, 158 So. 209 [1934]. See also Cockrell v. Penrod Drilling Company, 214 La. 951, 39 So. 429 [1949]; Fogelman v. Interurban Transp. Co., 192 La. 115, 187 So. 73 [1939].
Accordingly, this court must determine who, if anyone, was at fault in the instant case.
A left turn is a dangerous maneuver and a driver has a duty not to attempt the turn until he ascertains it can be completed safely. Hawkins v. Gilfoil, 483 So.2d 1082 (La.App. 2d Cir.1986).
A left turning motorist "is required to exercise a very high degree of care," even where the motorist executes his turn on the authority of an illuminated left turn signal. Tipton v. Menard, 467 So.2d 126 (La.App. 3rd Cir.1985). Once the plaintiff has established that the defendant was attempting to make a left turn when the accident occurred, the burden of proof then shifts to the defendant to absolve himself of liability. This burden remains despite the existence of a left turn signal at the intersection in question. Foreman v. State Farm Mutual Automobile Insurance, 416 So.2d 258 (La.App. 3d Cir.1982). However, the defendant may discharge his burden by proving that the left turn arrow was illuminated. Foreman v. State Farm Mutual Automobile Insurance, supra.
Accordingly, we find that defendant Pitts is entitled to rely on the presumption of plaintiff Strickland's negligence. The burden of proof then shifts to Strickland to absolve himself of liability.
The testimony of both Mr. Strickland and Ms. Pitts was credible and consistent with the information provided in the traffic signal inventory form. Moreover, Mr. Strickland's testimony was corroborated by Jack Crick, while Ms. Pitts' testimony was corroborated by Eddie Roy Pool. We cannot find that either of the corroborating witnesses was more credible than the other.
Likewise, the point of impact and the meager photographs introduced lend no assistance in resolving the dispute. It is apparent from the signal inventory that either Mr. Strickland was early in making his left turn on a plain green signal before the green arrow became illuminated (at which time Ms. Pitts would also have had a green light), or Ms. Pitts was late in proceeding through the intersection on either a yellow signal or a red signal. (Mr. Strickland's *1364 green arrow would have become illuminated immediately upon Ms. Pitts' signal turning to red.) It is consistent with human nature to assume that Ms. Pitts, who was obviously entering the intersection late in its phase, might have been hurrying through as the signal changed to red. However, from all of the testimony, the signal inventory and the physical facts of this case, we are unable to say that such circumstance is more likely to have occurred than the possibility that Mr. Strickland was turning early on a plain green in the face of Ms. Pitts' right of way.
Thus, just as the trial court, we find on this record that the testimony of each witness seems equally credible. Search the record as we might, we are unable to find particular proven facts or circumstances which make one party's version of the incident more credible than that of the other party.
Thus, we return to the previously noted presumption requiring the left turning motorist to prove that the left turn arrow was illuminated. Obviously, we are not convinced that Mr. Strickland has discharged his burden and we are therefore obligated to find in favor of the defendant/plaintiffin-reconvention.
For the foregoing reasons, the decision of the trial court rejecting the demands of the plaintiff, Timothy S. Strickland, is affirmed and the judgment rendered rejecting the demands of the plaintiff-in-reconvention, Allstate Insurance Company, is reversed.
Therefore, it is hereby ordered, adjudged and decreed that there be judgment herein on the reconventional demand in favor of the plaintiff-in-reconvention, Allstate Insurance Company, and against the defendantin-reconvention, Timothy S. Strickland, in the full sum of $6,535.92, together with legal interest thereon from judicial demand and all costs of these proceedings.
The judgment of the trial court rejecting the demands of the original plaintiff, Timothy S. Strickland, is affirmed.
AFFIRMED IN PART, REVERSED IN PART and RENDERED.