588 So.2d 79 (1991)
Mark L. MILLER, et al.
v.
Annalee L. LEONARD, et al.
No. 91-C-0597.
Supreme Court of Louisiana.
October 21, 1991.
*80 Elliott James Redmond, Gonzales, Thomas Pierre Perkins, Jr., Blache, Perkins & Koch, Baton Rouge, for applicants.
Thomas Archer Lane, Lane, Fertitta, Lane & Tullos, John W. Perry, Jr., Mathews, Atkinson, Guglielmo, Marks & Day, Baton Rouge, for respondents.
COLE, Justice.
At issue in this tort case is whether the district court committed manifest error in dismissing Mark L. Miller's demand on the basis he failed to satisfy his burden of proving by a preponderance of the evidence Annalee Leonard's negligence was the sole cause of the parties' intersectional automobile collision.

I.
This is an action for damages resulting from property loss and personal injuries sustained by Mark Miller when his eastbound 1978 Buick Electra and Annalee Leonard's westbound 1985 Honda Accord collided at the intersection of Port Street and Ned Street in Baton Rouge, Louisiana, on January 9, 1986, at approximately 5:15 p.m.
Miller instituted suit against Leonard and State Farm Mutual Automobile Insurance Company, Leonard's liability insurer. Miller, who was travelling eastward on Port Street, claims Leonard violated his superior right of way when she abruptly made a left turn into his path. Thereafter, Leonard brought suit for her property loss and personal injuries against Miller, Champion Insurance Company, Miller's liability insurer, and State Farm, Leonard's uninsured motorist carrier, contending the accident was caused solely by Miller's negligence. Leonard maintains she was waiting in the westbound lane of Port to make a left turn onto Ned Street when Miller swerved into her lane. Miller insists the point of impact was in the eastbound lane of Port Street while Leonard argues the accident occurred in the westbound lane. The suits were consolidated for bench trial.
The record establishes the parties' testimony hopelessly conflicts on the issue of liability. Additionally, each party offered a disinterested witness to corroborate his version of the accident. Deponent Sgt. Ronny Phillips, the investigating officer, testified the debris from the accident was entirely in the eastbound lane, suggesting the vehicles collided in the eastbound lane. In contrast, Gregory Whelton, an employee of Leonard's[1] whom she had dropped off at the intersection of Ned and Port Streets moments before the accident, stated he saw Miller's vehicle cross the centerline and *81 strike Leonard's vehicle in the westbound lane.[2] Leonard's remaining witness, Larry Gould, an accident reconstruction expert, explained debris in the eastbound lane is not necessarily indicative of the point of impact.

II.
The trial court concluded the physical evidence and testimony concerning the point of collision conflicted and was in perfect balance. Since neither Miller nor Leonard satisfied the burden of proof by a preponderance of the evidence, the trial court dismissed both demands with prejudice. Miller alone appealed. The Court of Appeal affirmed, 572 So.2d 1205.[3] The court characterized the issue as factual and held the trial court was not manifestly erroneous in finding the evidence in equipoise and dismissing both demands. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Miller's application for rehearing was denied. We granted certiorari, primarily to determine if the trial court should be required to decide the case on the merits in favor of either Miller or Leonard, rather than dismissing their respective claims for failure to satisfy the burden of proof. However, because we find the trial court erred in failing to find Miller satisfied his burden of proof by a preponderance of the evidence,[4] we address the "necessity to decide" issue in dicta.

III.
In civil suits the plaintiff bears the burden of proving negligence of the defendant by a preponderance of the evidence. Cangelosi v. Our Lady of Lake Regional Medical Center, 564 So.2d 654 (La.1989), on rehearing; Jordan v. Travelers Ins. Co., 257 La. 995, 245 So.2d 151 (1971); F. Stone, Tort Doctrine § 269, at 373, in 12 Louisiana Civil Law Treatise (1977); W. Prosser & W. Keeton, The Law of Torts § 38, at 239 (5th ed.1984). Moreover, a plaintiff-in-reconvention bears the burden of establishing his claim in the same manner as the plaintiff in the main demand. See, e.g., Pillsbury Mills, Inc. v. Chehardy, 231 La. 111, 90 So.2d 797 (1956). Proof by direct or circumstantial evidence is sufficient to constitute a preponderance when the entirety of the evidence establishes the fact or causation sought to be proved is more probable than not. Cangelosi, supra; Jordan, supra. If the party bearing the burden of proof fails to satisfy his burden of proof by a preponderance of the evidence, his case fails to outweigh his adversary's case and he necessarily loses. Cangelosi, supra; W. Prosser & W. Keeton, supra, § 38, at 240.
In certain situations the party bearing the burden of proof may be aided by a presumption.[5] Stone, supra, § 269, at 373; Prosser, supra, § 38, at 239. In a vehicular collision case, the plaintiff may take advantage of a presumption of the defendant's negligence when the plaintiff proves the defendant executed a left-hand turn and crossed the center line at the time of impact. La.R.S. 32:104(A);[6] La.R.S. 32:122;[7]Ruthardt v. Tennant, 252 La. 1041, 215 So.2d 805 (1968); Washington *82 Fire & Marine Ins. Co. v. Firemen's Ins. Co., 232 La. 379, 94 So.2d 295 (1957). The burden rests heavily on the motorist who desires to make a left turn to explain how the accident occurred and show he is free of negligence. Ruthardt, supra; Washington Fire & Marine Ins. Co., supra.

IV.
The issue in the case is premised upon a purely factual determination of the lane in which the accident occurred. If the vehicles collided in the eastbound lane, Miller must prevail. Simon v. Ford Motor Co., 282 So.2d 126 (La.1973). Applying the legal precepts enunciated above to the evidence of record, we conclude the trial court's failure to find the plaintiff satisfied his burden of proof by a preponderance of the evidence was manifestly erroneous. Arceneaux, supra. We hold the preponderance of the evidence on the factual question of the point of impact properly lies with Miller.
Sgt. Phillips' testimony is critical to Miller's recovery. Sgt. Phillips arrived at the scene approximately six minutes after the accident, took measurements, and obtained statements from the parties and Whelton. The location of the debris entirely in the eastbound lane of Port Street, along with Leonard's statement at the scene that she "was attempting to turn left onto Ned," led Sgt. Phillips to conclude the accident occurred in the eastbound lane.
Although the trial court characterized Phillips as a disinterested witness, it discounted his testimony based on the fact it was offered via deposition and consisted primarily of reading from the accident report. We note, however, uncontradicted hearsay testimony admitted at trial without objection may be considered and given probative value. Coleman v. Victor, 326 So.2d 344 (La.1976). Moreover, we are inclined to accord considerable weight to the testimony of the investigating officer respecting the physical facts observed at the scene of the accident. DeLaughter v. State Farm Mut. Auto. Ins. Co., 151 So.2d 104 (La.App. 1st Cir.1963). Sgt. Phillips' testimony, therefore, must be examined in light of the record as a whole. DeLaughter, supra.
The existence of debris in the eastbound lane strongly corroborates Miller's version of the accident. Furthermore, when testimonial proof is irreconcilably in conflict, the physical facts are the only means for decision of the case. Hollins v. Jefferson Oil Co., 124 So.2d 629 (La.App. 3d Cir. 1960). Although Gould suggested the location of the debris could be explained by the rotation of the vehicles after impact, we believe it unlikely all the debris would fall in the eastbound lane if the accident occurred as Leonard alleges. The position of the automobiles after impact also makes Miller's version of the accident more logical and reasonable.[8] Additionally, because Gould lacked certain evidence from the accident scene, he was forced to speculate as to the movement of the vehicles.
We are satisfied the existence of the debris entirely in the eastbound lane, corroborated by Miller's testimony and Leonard's statement to Sgt. Phillips, establishes more probably than not the accident occurred in the eastbound lane. Consequently, the trial court erred in failing to find Leonard crossed the center line.

V.
In factual summation, the preponderance of the evidence establishes the accident occurred in the eastbound lane as Leonard attempted to execute a left-hand turn. Accordingly, Leonard violated a duty to yield the right-of-way to vehicles approaching from the opposite direction which are so close as to constitute an immediate hazard. La.R.S. 32:122. Additionally, statutory law requires the left-turning motorist to refrain from executing a lefthand turn until such can be accomplished with reasonable safety. La.R.S. 32:104(A). Consistent with the legislation, the jurisprudence places a high degree of care upon a left-turning motorist. See, e.g., Ruthardt, supra; Washington Fire & Marine *83 Ins. Co., supra. Moreover, the leftturning motorist involved in a collision is burdened with a presumption of negligence and must offer evidence to show he is free from negligence to avoid the imposition of liability. Ruthardt, supra; Washington Fire & Marine Ins. Co., supra.
Leonard fails to satisfy the jurisprudentially imposed burden to show she is free from negligence. Leonard testified she "scanned" but "did not intently look" into the stream of oncoming traffic. She also acknowledged she failed to see Miller's vehicle prior to the impact. The trial court thus concluded, "[Leonard] clearly did not see Mr. Miller's vehicle, and that alone would be negligence if she crossed over the centerline." Since Leonard fails to rebut this presumption, Miller is entitled to judgment in his favor.

VI.
We now turn to the issue for which we originally granted certiorari. Where the evidence is truly in equipoise and neither of the opposing plaintiffs satisfies the burden of proof by a preponderance of the evidence, must the trial judge nevertheless decide for one of the parties? We think not.
More than five decades ago in Fridge v. Talbert, 180 La. 937, 158 So. 209 (1934), this Court announced the principle:
Where witnesses differ, the courts should reconcile, if possible, the apparent contradictions their testimony presents. If this cannot be done, then the probabilities or improbabilities of their respective statements must be considered in the light of their capacity, opportunity or incentive for observation, the amount of corroboration, if any, and the degree of proof required.
Id. at 948, 158 So. at 212.
Employing the above procedure, we held the trial court was incorrect in concluding the plaintiff had satisfied his burden of proof, and consequently, the plaintiff's demands were rejected. Fridge, supra, merely reiterates the unremarkable proposition the plaintiff bears the burden of proof in making out his case.
This Court frequently cited the above passage to reverse the lower courts' determinations regarding the sufficiency of evidence. In some cases re-examination of the evidence enabled us to find the plaintiff did indeed satisfy the requisite burden of proof. In Nelson v. Zurich Ins. Co., 247 La. 438, 172 So.2d 70 (1965), we held it was error for the trial court to dismiss plaintiff guest passenger's claims against the two defendant drivers because of apparent irreconcilable differences in their testimony. On close examination of the evidence, we found plaintiff had proven his case against one of the drivers. Citing Fridge resulted in the unfortunate injection of dicta into the opinion. See also Cockrell v. Penrod Drilling Co., 214 La. 951, 39 So.2d 429 (1949); Fogleman v. Interurban Transp. Co., 192 La. 115, 187 So. 73 (1939). More recently, in Strickland v. Pitts, 506 So.2d 1360 (La.App. 2d Cir.1987), the second circuit cited Zurich as authority for the proposition the "court must decide who, if anyone, [is] at fault." 506 So.2d at 1363. Since the court concluded the defendant was entitled to rely on the unrebutted presumption of the left-turning plaintiff's negligence, the discussion of Zurich was dicta.
The language in Fridge, supra, should not be interpreted to mean the trial court must decide for either one or the other of the opposing plaintiffs in spite of evidence which is in equipoise. We do not desire a situation where rules of evidence, such as proof by a preponderance, would chill in the shadow cast by a judicial zeal to decide for one of the parties at any cost. Rather, our language in Fridge is intended to serve as an aid or suggested method for judicial determination of facts from which it can be decided which party, if any, has borne the burden of proving his case by a preponderance of the evidence.
This court is mindful of its duty to decide issues of law and fact. We are also aware dismissal of both opposing plaintiffs, where neither satisfies his burden of proof by a preponderance, may result in an innocent litigant without a remedy. The alternative, however, is unpalatable. Where the evidence is truly balanced, such that neither *84 of the opposing plaintiffs satisfies the burden of proof by a preponderance, the trial court forced to decide the case must in essence render a decision based on the fortuitous flip of a coin. The distinction between reviewing the evidence and employing interpretative techniques of fact finding to determine if a decision can be made (i.e., has one of the parties proven his case by a preponderance of the evidence?) and being required to reach a decision, even where the total evidence is in equipoise, is critical. The first is a proper function of the court. The second is not.

VII.
The lower court, in dismissing Miller's claim with prejudice, never reached the issue of damages. The record is complete and a remand to the Court of Appeal is appropriate to consider the issue of quantum.

VIII.
For the reasons assigned, the judgment below is vacated and set aside. The case is remanded to the Court of Appeal for further proceedings consistent with the views hereinabove expressed.
JUDGMENT VACATED, CASE REMANDED TO COURT OF APPEAL.
LEMMON, J., concurs.
HALL, J., concurs with reasons.
MARCUS, J., concurs and assigns reasons.
CALOGERO, C.J., concurs for reasons assigned by HALL, J.
HALL, Justice, concurring.
Applying good techniques for judicial decision-making, the majority opinion correctly resolves this close and difficult factual case in favor of the plaintiff Miller on his claim for damages arising out of an intersectional collision.
On the issue discussed in dicta, it may be that there have been, or will be, cases in which the evidence is in perfect equipoise, making it impossible for a trial judge to decide between the conflicting versions of an accident. But I am not sure I have ever seen such a case in over twenty years on the bench. As the instant case illustrates, by applying well-established standards for assessing the weight of evidence and applying applicable presumptions, the court can and should resolve close cases between competing litigants where one or the other is bound to be right and entitled to prevail. This is not judicial flipping of a coin; it is the carrying out of the judicial function of deciding hard cases. The rule of Fridge v. Talbert, 180 La. 937, 158 So. 209 (1934), and Nelson v. Zurich Ins. Co., 247 La. 438, 172 So.2d 70 (1965), followed in Strickland v. Pitts, 506 So.2d 1360 (La.App.2d Cir. 1987), quoted in the majority opinion, offers good guidance in how to go about this difficult judicial function.
MARCUS, Justice (concurring).
I concur in the result but disagree with that portion of the opinion that discusses "evidence which is in equipoise."
NOTES
[1] This employment relationship ceased several weeks after the accident and, at the time of the trial, Whelton had not worked for Leonard for over three years.
[2] According to Whelton, Miller swerved into the westbound lane to avoid striking an automobile allegedly parked partially in the eastbound lane. Neither Leonard nor Sgt. Phillips saw the parked car.
[3] The decision of the Court of Appeal, First Circuit, is unpublished. Lottinger, J. concurred in the result.
[4] The action of the trial court is final as to Leonard. She did not appeal from the judgment adverse to her.
[5] A presumption is defined as "a rule of law for the determination of a question of fact, in the absence of sufficient evidence to prove the fact itself." Prosser, supra, § 38, at 240.
[6] "No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in R.S. 32:101,... or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety." La.R.S. 32:104(A) (emphasis added).
[7] "The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to all vehicles approaching from the opposite direction which are within the intersection or so close thereto as to constitute an immediate hazard." La.R.S. 32:122
[8] Leonard's vehicle was facing east in the westbound lane, just east of the intersection. Miller's vehicle was in the southeast quadrant of the intersection.