IgFOGG, Judge.
This appeal arises out of the dismissal of the plaintiffs suit for property damage due to a car accident. We affirm.
Plaintiff, Clayton Clark, filed suit to recover property damages to his pickup truck. The truck was damaged in an accident on May 30, 1990, at the intersection of Highway 67 (Plank Road) and Groom Road in Baker. Cindy Clark, Mr. Clark’s daughter-in-law, had been driving the truck in northerly direction on Plank Road when she attempted to turn left from the left turn lane of Plank Road onto Groom Road. The intersection was controlled by a traffic signal with a green arrow for a protected left turn; left turns during a green light were permissible but not protected. While turning left, the truck collided with a vehicle driven by William Lockhart, which was travelling south on Plank Road.
*1191 Plaintiff filed suit against Mr. Lockhart and his insurer, Travelers Indemnity Company. The defendants filed a reconventional demand against Mr. Clark, Ms. Clark, and Soverign Fire & Casualty Company, the insurer of the truck; the reconventional demand was dismissed before trial. After trial on the merits, the judge in written reasons for judgment stated that the factual evidence was in irreconcilable conflict concerning which vehicle was protected by a favorable signal, and therefore, he dismissed the plaintiffs suit with prejudice for the failure to prove the claim by a preponderance of the evidence, citing Miller v. Leonard, 588 So.2d 79 (La.1991). From this judgment, .plaintiff appeals, contending that the trial court erred in finding that he did not prove his claim by a preponderance of evidence.
The pivotal issue in this case is whether Ms. Clark was protected by a green arrow while making the left turn; if the green arrow was illuminated, then Mr. Lockhart, who was approaching from the opposite direction, could not have had a green light, as he claimed. Ms. Clark testified that the green arrow was on when she made her turn; this testimony is corroborated by that of two witnesses who were on Groom Road when the collision occurred. IsHowever, these witnesses did not actually see the signals for Ms. Clark or Mr. Lockhart, but inferred, based on their experience at this intersection, that Ms. Clark had a green arrow signal because traffic turning right from Groom Road onto Plank Road had a green arrow, which would then indicate a corresponding green arrow for left turning traffic from Plank Road. Mr. Lockhart testified that he had a green light; his testimony is corroborated by that of the driver behind him. Additionally, the woman who turned left immediately before Ms. Clark testified that, while the light was green so that she could make a permissible, unprotected left turn, she did not have a green arrow.
Plaintiff had the burden of proving by a preponderance of the evidence that defendant was negligent. Proof by a preponderance of the evidence exists when the evidence, taken as a whole, shows that the fact sought to be proved is more probable than not. Additionally, if the party bearing the burden of proof fails to satisfy his burden of proof by a preponderance of the evidence, his ease fails to outweigh his adversary’s case, and he necessarily loses. Miller v. Leonard, 588 So.2d 79 (La.1991); Cangelosi v. Our Lady of the Lake Medical Center, 564 So.2d 654 (La.1989). Placing the burden of proof on the plaintiff requires him ultimately to persuade the factfinder concerning the defendant’s negligence, and if the factfinder is undecided after all the evidence has been presented, the plaintiff loses because of the failure of his evidence. Cangelosi v. Our Lady of the Lake Medical Center, 564 So.2d 654 (La.1989).
Plaintiff contends that the trial judge erred in relying on the Miller ease. An issue in Miller was whether the trial court should be required to decide a case on the merits in favor of either party where the defendant filed a reconventional demand, but both parties failed to satisfy their burdens of proof by a preponderance of the evidence. The Louisiana Supreme Court held that where the evidence is truly in equipoise and neither party satisfies the burden of proof, the trial court is not required to decide for one party, but can dismiss both actions. While this |4case did not involve opposing plaintiffs because defendant’s reconventional demand was dismissed prior to trial, the legal principles set forth in Miller remain applicable. The plaintiff had to produce a preponderance of evidence to meet his burden of proof, and the issue is whether the trial court was clearly wrong to find that he failed to do so because the evidence was in irreconcilable conflict.
We may not overturn the trial court’s factual findings if we find from the record that there is a reasonable factual basis for the finding, and the record establishes that the findings are not clearly wrong or manifestly erroneous. Stobart v. State, Department of Transportation and Development, 617 So.2d 880 (La.1992). When conflicting evidence creates two possible views of the evidence, and the trier of fact’s choice between the views is reasonable in light of the entire record, an appellate court may not reverse merely because it would have chosen the alternate view. Rosell v. ESCO, 549 *1192 So.2d 840 (La.1989). We cannot find, based on the facts of record, that the trial court manifestly erred in finding that plaintiff failed to carry his burden of proof and in dismissing plaintiffs case.
For these reasons, the judgment of the trial court is affirmed, and costs of this appeal are assessed to plaintiff.
AFFIRMED.