STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

05-784

RODNEY BRACK, ET AL.

VERSUS

MICHAEL A. FERRINGTON, ET AL.

**********

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. C-2003-140-B
HONORABLE PATRICIA C. COLE, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of John D. Saunders, Michael G. Sullivan, and J. David Painter, Judges.

REVERSED AND REMANDED.

John E. Jackson
P.O. Box 1239
309 East Sallier Street
Lake Charles, LA 70602
Counsel for Plaintiffs-Appellants:
    Rodney Brack, et al.

Nahum D. Laventhal
3421 N. Causeway Boulevard, Suite 800
Metairie, LA 70002
Counsel for Defendants-Appellees:
    Michael A. Ferrington, et al.

**PAINTER, Judge.**

Following the trial court's grant of a judgment notwithstanding the verdict (JNOV) in their favor, Plaintiffs, Rodney Brack, individually and on behalf of his minor daughter, Savannah Brack, and Shannon Brack, appealed and sought a reversal of that portion of the JNOV finding Brack twenty percent at fault in causing the accident as well as an increase in the amount of damages awarded. Defendants, Michael Ferrington, Wisner Minnow Hatchery, and Nationwide Agribusiness Insurance Company, answered the appeal. For the following reasons, we reverse the trial court's JNOV and remand the matter for a new trial.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 11, 2002, Plaintiff, twenty-four year old Rodney Brack, was driving a loaded logging truck on Louisiana Highway 112. Defendant, nineteen year old Michael Ferrington, was driving an eighteen wheeler for Wisner Minnow Hatchery on Louisiana Highway 377. Ferrington had missed his turnoff and was attempting to turn around at the "T" intersection of Highway 112 and Highway 377. On his first attempt, Ferrington swung too wide and had to back to correct his turn. Ferrington was stopped in the roadway when he saw Brack's logging truck approach. Brack, who was coming out of a curve in the roadway, was traveling at approximately fifty miles per hour and did not believe he could stop in time to avoid hitting Ferrington's truck. Brack attempted go around Ferrington's stationary truck, but his logging truck flipped over as it hit the shoulder of the road. State Trooper Patrick Bell issued a citation to Ferrington for failure to yield. Brack was not ticketed.

Immediately following the accident, Brack was taken by ambulance to Beauregard Hospital in DeRidder. After x-rays were taken and his cuts were stitched, Brack was released with instructions to follow up with his own physician. Brack had

1

two prior lumbar surgeries, namely a L5-S1 diskectomy in September of 1998 and a lumbosacral fusion with pedicle screw instrumentation in March of 1999.

Brack, individually and on behalf of his minor daughter, Savannah, and Brack's wife, Shannon, filed suit against Ferrington, Wisner Minnow Hatchery, Inc. (Ferrington's employer), and Nationwide Agribusiness Insurance Company (the employer's insurer). American Interstate Insurance Company, the workers' compensation carrier for Greg Brister Logging, the business for which Brack was hauling logs, intervened to recover monies paid to or on behalf of Brack.

Prior to trial, the parties stipulated that Ferrington was in the course and scope of his employment at the time of the accident and that his employer was vicariously liable for his actions. The parties also stipulated that Nationwide Agribusiness Insurance Company was the insurer of Ferrington's employer and provided coverage for this accident. The parties further stipulated that American Interstate Insurance Company had paid $41,050.88 in indemnity benefits and $45,705.63 in medical benefits.

Following a four day trial, the jury deliberated for several hours but became deadlocked. The trial court dismissed the jury, and Plaintiffs subsequently filed a motion for JNOV pursuant to La.Code Civ.P. art. 1811. The trial court granted the motion and assessed eighty percent of the fault to Ferrington and twenty percent of the fault to Brack. The trial court also made the following awards to Plaintiffs: (1) pain and suffering, $150,000.00; (2) past medical expenses, $45,705.63; (3) future medical expenses, $155,833.00; (3) past lost wages, $50,438.00; (4) future lost wages, $96,564.00; (5) loss of consortium to Shannon Brack, $15,000.00; (6) loss of consortium to Savannah Brack, $2,500.00. The trial court also awarded intervenor, American Interstate Insurance Company, $41,050.88 in indemnity benefits and

2

$45,705.63 in medical benefits, with a preference and priority for future workers' compensation indemnity benefits and medical expenses. The judgment provided that the awards for special and general damages were to be reduced by the percentage of fault attributable to Brack and that the award to intervenor was also to be reduced by the percentage of fault attributable to Brack.

Plaintiffs now appeal, seeking to have Brack found free from fault in causing the accident, to have the award for future medical expenses increased, and to have the award for future lost wages increased. Defendants answer the appeal and seek to have the judgment of liability reversed or modified.

**DISCUSSION**

We first consider Defendants argument that it was improper for the trial court to grant a JNOV in Plaintiffs' favor as to liability. Louisiana Code of Civil Procedure Article 1811(B) provides, in pertinent part, that: "If no verdict was returned, the court may render a judgment or order a new trial." In *Bowie v. Young*, 01-715, p. 12 (La.App. 3 Cir. 3/20/02), 813 So.2d 562, 570-71, *writ denied*, 02-1079 (La. 6/21/02), 819 So.2d 335, this court noted:

> In describing the circumstances under which a JNOV is appropriate, the Louisiana Supreme Court has explained that the procedure is to be used only when the facts and circumstances favor one party so overwhelmingly that reasonable men could not arrive at a contrary verdict. *Anderson v. New Orleans Public Service*, 583 So.2d 829. It is inappropriately used in cases in which the evidence merely preponderates in favor of the moving party. *Id*. Also, we are mindful that the motion must not be granted if there is evidence in opposition that is of such quality and weight that it would permit "reasonable and fairminded men in the exercise of impartial just" to reach different conclusions. *Id*. at 832. Finally, the court cautioned that, in weighing whether a JNOV is appropriate, the court should not weigh witness credibility and should resolve all reasonable inferences/factual questions in favor of the non-moving party. *Id. See also Davis v. Wal-Mart Stores, Inc.*, 00-0445 (La.11/28/00); 774 So.2d 84.
>
> On review, an appellate court employs a two-part inquiry when considering whether a JNOV is appropriate. *Davis*, 99-0445; 774 So.2d

3

84. First, applying the same criteria as the trial court, the appellate court must determine if the trial court erred in granting the motion. *Id*. Next, if the appellate court determines that the standard was correctly applied to the jury verdict at the trial level, the appellate court must then review the JNOV granted using the manifest error standard of review. *Id*.

We also note that "[a]lthough the trial judge's discretion is limited in applying this standard, in cases where virtually no factual dispute exists and no credibility determinations by the fact-finder are required, questions of existence of a duty, violation of that duty, and victim fault are legal questions, and within the province of the trial judge to decide." *Millet v. Cormier*, 95-953, p. 11-12 (La.App. 3 Cir. 3/27/96), 671 So.2d 1101, 1108, *writ denied*, 96-1026 (La. 5/31/96), 673 So.2d 1036 (citing *Pitts v. Bailes*, 551 So.2d 1363 (La.App. 3 Cir.), *writs denied*, 553 So.2d 860 (La.1989) and 556 So.2d 1262 (La.1990)).

In this case, Defendants argue that, while the trial court had authority to grant or deny a JNOV in this case, it was incorrect in granting Plaintiffs' motion because Plaintiffs did not sustain their burden of proof on the issue of liability. Defendants contend that it was error to grant the JNOV in Plaintiffs' favor because the "evidence in equipoise mandated a defense verdict." Defendants rely upon the case of *Miller v. Leonard*, 588 So.2d 79 (La.1991) where the Louisiana Supreme Court held that, in a case where the evidence is truly balanced and neither the plaintiff nor the defendant, who also filed a reconventional demand, satisfied its burden of proof, the court is not required to find for one party or the other but can dismiss both claims. Despite the holding in *Miller*, we note that the trial court's function is "to resolve disputes, even if the resolution is difficult." *Chargois v. Guillory*, 97-439, p. 6 (La.App. 3 Cir. 10/29/97), 702 So.2d 1068, 1071. We further note, as we did in *Chargois*, that "it is not practical and only remotely possible to accord exactly equal weight to the evidence on each side." *Id*. at 1071 (quoting *United Services Auto.*

4

*Ass'n v. Travelers Ins. Co.*, 255 So.2d 418, 420 (La.App. 4 Cir. 1971)). However, we do not agree with the defense that the trial court should have dismissed Plaintiffs' claims.

In granting the JNOV in this case, the trial court stated:

> Mr. Ferrington testified that when he first began his turnaround maneuver he swung too wide to turn left and had to back up to make adjustments. He testified that all of this was taking a "few minutes." Mr. Wayne Winkler, the defense's accident reconstruction investigator, testified that there was no sudden emergency created by Mr. Ferrington because Mr. Ferrington's truck should have been visible to Mr. Brack from a distance of 600 feet – as Mr. Brack was coming out of the curve. Mr. Winkler stated that Mr. Brack had plenty of time to stop his vehicle.
>
> . . . .
>
> Mr. Brack relied on the doctrine of "sudden emergency." According to the doctrine of "sudden emergency," when confronted with imminent peril, without sufficient time to consider and weight all of the circumstances or best means to avoid an impending danger, a party is not negligent if he fails to adopt what subsequently may appear to have been the better method. In this case, Mr. Brack chose to attempt to go around Mr. Ferrington. Mr. Brack wrecked. According to Mr. Brack, because of the weight of his loaded logging truck, he did not believe he could stop in time to avoid hitting Mr. Ferrington's truck if he remained in his lane of travel.
>
> Considering the testimony of Mr. Winkler, since Mr. Ferrington's truck was visible at a distance of 600 feet, Mr. Brack could have stopped his truck timely. However, at that distance, Mr. Brack was still in the curve, so Mr. Ferrington's truck was not straight ahead of him. If Mr. Brack had seen Mr. Ferrington at that distance, it is foreseeable that Mr. Brack expected Mr. Ferrington to clear the roadway before Mr. Brack reached him either by completing the turn or backing out of the way.
>
> The Court finds that there are no factual disputes in the case at hand and no credibility determinations are required. The Court further finds that the questions concerning the existence of a duty, the violation of that duty, and victim fault are legal questions and are within the province of the trial court to decide. **Taking all of the evidence at its face value and considering it in the light most favorable to the non-moving party, the Court finds that reasonable and fair-minded persons in the exercise of impartial judgment could have ruled in favor of the mover.** The Court grants the motion for judgment notwithstanding the verdict and rules as follows.

5

The Court finds both parties were at fault in causing the damage to Mr. [Brack]. The Court assesses fault to the defendant, Michael Ferrington, in the proportion of 80% and to the plaintiff, Rodney Brack, in the proportion of 20%.

(Emphasis added.)

"The motion for a JNOV requires a stringent test because it deprives the parties of their right to have all disputed issues resolved by a jury." *Templet v. State ex rel. Dept. of Transp. & Dev.*, 00-2162, p. 5 (La.App. 1 Cir. 11/9/01), 818 So.2d 54, 57. Under the two-part inquiry described in *Davis*, we must first determine if the trial court erred in granting the motion for JNOV on behalf of Plaintiffs, and our initial inquiry must be whether the facts and inferences point so strongly in favor of a finding that Ferrington was negligent that no reasonable juror could have reached a different verdict on the issue. We must apply the same criteria as the trial court. In so doing, we note that the trial court did not find that reasonable jurors could not arrive at a contrary verdict and that reasonable men could not reach a different conclusion other than that Ferrington was negligent. Instead, the trial court found that "reasonable and fair-minded persons in the exercise of impartial judgment could have ruled in favor of the mover [Brack]." This is not the standard and necessarily compels the conclusion that reasonable and fair-minded persons in the exercise of impartial judgment could also have ruled in favor of the non-movers. As indicated above, the trial court recognized that there was some evidence to suggest that Ferrington was not negligent and that Brack could have avoided the accident. Despite the trial court's statement otherwise, there were factual disputes, and the trial court did not view these disputes in the light most favorable to the defense. Here, as in *Templet*, 818 So.2d at 59, "[t]he record is replete with evidence of such a conflicting nature that it is impossible to say that reasonable jurors exercising impartial judgment could not reach different conclusions."

6

Plaintiffs are also unhappy with the trial court's allocation of fault in the JNOV and argue that Brack should have been found free from fault based on the doctrine of sudden emergency. The doctrine of sudden emergency has been articulated as follows:

> One who suddenly finds himself in a position of imminent peril, without sufficient time to consider and weigh all the circumstances or best means that may be adopted to avoid an impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence.

*Hickman v. S. Pac. Transp. Co.*, 262 La. 102, 112-113, 262 So.2d 385, 389 (La.1972). We agree that the trial court did not correctly apply the doctrine of sudden emergency, but we find that there was conflicting evidence as to which party created the sudden emergency. The trial court appears to recognize this based on her finding that Brack was twenty percent at fault. Thus, the JNOV was improper for this reason as well.

Therefore, after our review of the record and the trial court's reasons for judgment, it is clear that the trial court erred as a matter of law when applying the standard of review in its grant of the JNOV in Plaintiffs favor. While the trial court is empowered to render a judgment in cases where no verdict is returned by the jury, based upon our review of the record as a whole, we must find that the facts of this case do not support a JNOV because the evidence presented did not rise to the standard of being so overwhelmingly in Plaintiffs' favor that a JNOV was warranted. Accordingly, we reverse the trial court's JNOV.

Because we reverse the JNOV, we do not reach, and need not address, the remaining issues raised by Plaintiffs and Defendants.

**DECREE**

For the foregoing reasons, we find that the trial court erred in granting the judgment notwithstanding the verdict. Accordingly, we reverse the trial court's judgment and remand the matter for a new trial. Costs of this appeal are assessed equally to the parties.

**REVERSED AND REMANDED.**