COOKS, J.
Dissents.
1 ,This case involves a left-turning eighteen-wheeler entirely blocking the roadway in use by on-coming motorists at twilight on a busy highway. The truck driver asserted he made the left-turn despite the fact that he saw on-coming traffic because it is hard to get an opportunity to make such a turn on that roadway. His attorney candidly admitted this at oral argument. All that was required to make a safe left-turn in this instance was patience. Louisiana Revised Statutes 32:104 imposes a mandatory duty on the left-turning motorist not to attempt a left turn across the roadway until it can be “made with reasonable safety.” Additionally, our jurisprudence has established that truck drivers, as specially trained operators of vehicles, are subject to a higher standard when assessing their degree of responsibility in an accident. They are “superior actor[s] in the eyes of the law.” Davis v. Witt, 02-3102, p. 13 (La.7/2/03), 851 So.2d 1119, 1128. The truck driver in this case did not want to wait as long as needed to safely make a left turn, at twilight, and he felt the oncoming drivers should have stopped to let him proceed. That is not what the law required of him. We have often held that “A left-turn is a dangerous maneuver which must not be undertaken until the turning motorist 12ascertains that the turn can be made in safety. A left-turning motorist involved in an accident is burdened with a presumption of liability and the motorist must show he is free of negligence.” Reed v. State Farm Mutual Auto. Ins. Co., 929 So.2d 871, 874-75 (La.App. 3 Cir. 7/12/06) (emphasis added). See also Thomas v. Champion, 603 So.2d 765 (La. App. 3 Cir.1992) cited in Reed.
Louisiana law imposes a very high duty of care on the left-turning motorist and presumes he is liable when an accident occurs during his left-turn maneuver. Here, the truck driver was blocking the entire roadway, and purposefully failed to yield the right-of-way to all on-coming motorists including Tertius Johnson (Tertius). As the left-turning motorist, this truck driver bears full responsibility for breach of his superior duty as a superior actor. See Miller v. Leonard, 588 So.2d 79 (La. 1991). The impaired driver in this case is the victim of the truck driver’s breach of his statutorily imposed duty which he intentionally breached merely for lack of patience. Had this truck driver obeyed the mandatory law this deadly accident would not have occurred. This is true regardless of Tertius’ impairment. One expert testified at trial that this accident would have occurred even if Tertius had not been impaired. According to the expert at trial, the only way an on-coming motorist could see this trailer straddling the roadway at twilight was to notice some sort of reflective tape on the body of the trailer visible to an on-coming motorist only if that motorist’s vehicle’s high beam headlights were activated. Tertius had *636 only his low beam lights on at the time of the accident. He was not legally required to turn on his “high beam lights.”
No doubt the impaired driver in this case bears some responsibility for this deadly accident. Nevertheless, to find him more than 25% at fault assigns toojjlarge a portion of responsibility for this accident on that driver, and insulates the truck driver from all responsibility for his extremely dangerous and egregiously negligent action. The majority ruling ascribes too little weight to three important factors: (1) the law imposes a very high duty of care on this truck driver; (2) he clearly intentionally breached his duty merely for lack of patience; and (3) truck drivers, as specially trained individuals, are “superior actor[s] in the eyes of the law [ ] held to a higher standard of care to the motoring public.” Witt, 851 So.2d at 1128-29, and cases cited therein. Thus, the analysis for assigning degrees of fault in this case begins with 100% responsibility on the truck driver. I do not believe the legislature, by enacting the 25% cut off rule for an impaired driver involved in an accident, intended to immunize the truck driver in this case from the consequence of his egregious conduct. This truck driver posed a deadly threat on the roadway to every on-coming motorist, and only the fate of Tertius Johnson spared the other motorists soon to confront the same disaster.
I believe the assessment of 50-50 liability in this case is manifest error. I also believe the greatest responsibility for this tragic accident lies with the left-turning truck driver. For the reasons stated I must respectfully dissent.