AMY, J.,
dissenting on rehearing.
11 Because I find that the trial court was not manifestly erroneous or clearly wrong in making its findings of fact, I respectfully dissent from the majority decision.
It is a long-standing tenant of Louisiana law that the trial court’s factual findings are subject to the manifest error / clearly wrong standard of review. Snider v. Louisiana Med. Mut. Ins. Co., 13-579 (La.12/10/13), 130 So.3d 922 (citing Rosell v. ESCO, 549 So.2d 840 (La.1989)). In order to reverse the factfinder’s determinations, the appellate court must determine both that a reasonable factual basis for the determination does not exist in the record and that the record establishes that the finding is clearly wrong / manifestly erroneous. Id. (citing Stobart v. State, through DOTD, 617 So.2d 880 (La.1993)). Thus, the appellate court’s determination is not whether the factfinder’s determination was right or wrong, but whether the factfinder’s determination is a reasonable one. Id. Additionally, great deference is due factual findings that are based on credibility determinations, and, where the factfinder’s determination is based on its decision to credit the testimony of one or more witnesses, those findings can “virtually never” be manifestly erroneous or clearly wrong. Id. at 938.
In a negligence action, it is an “unremarkable proposition” that the plaintiff bears the burden of proving his case. Miller v. Leonard, 588 So.2d 79, 83 (La,1991). Similarly, a plaintiff-in-recon-vention must prove his claim in the same manner as the plaintiff in the main demand. Id.
The trial court concluded that the determinative issue in this case was which party had the green light and that the witnesses said “diametrically opposing things about who had the light[.]” The trial court further noted that the physical evidence was *170 not helpful and that there was no corroboration for most of the testimony. The trial court found that both parties were “very credible” and that, based on the evidence provided, she could not determine which party had the red light. Thus, the trial court determined that she could not find in favor of either party.
The majority finds that the trial court’s rejection of Mr. Guidry’s testimony on two of the three determinative issues in this case precludes a determination that Mr. Guidry was credible on the issue of which party possessed the green light. In my view, this impermissibly impinges on the factfinder’s prerogative to accept or reject, in whole or in part, the testimony of any witness. In re Succession of Lawler, 42,940 (La.App. 2 Cir. 3/26/08), 980 So.2d 214, writ denied, 08-1117 (La.9/19/08), 992 So.2d 939. Based on my reading of the record, I find that the trial court was not manifestly erroneous or clearly wrong in making its findings of fact and in determining that the evidence was insufficient to determine which party had the red light. Therefore, I find that the trial court did not err in determining that neither party met its burden of proof in this case and that neither party was entitled to recovery.
For these reasons, I respectfully dissent.