CRICHTON, J.,
additionally concurs and assigns reasons.
hi concur in the denial of this writ application. This Court has previously stated: “Where witnesses differ, the courts should reconcile, if possible, the apparent contradictions their testimony presents.” Miller v. Leonard, 588 So.2d 79, 81 (La.1991) (quoting Fridge v. Talbert, 180 La. 937, 158 So. 209 (1934)). Cases of true equipoise should be rare. While a judge should never render a decision based upon a “fortuitous flip of the coin,” Miller, 588 So.2d at 83, in a challenging case, he or she should examine the nuances and resolve the factual issues in compliance with our judicial responsibilities.
In my opinion, the court of appeal in this case correctly found that the trial court’s conclusions were manifestly erroneous, because, as the court of appeal explained, the evidence presented was not in equipoise based upon the trial court’s own findings. Rather, the trial court rejected the plaintiffs testimony on two of the three determinative issues in the case before finding that both parties were “very credible.” The trier of fact has a duty to reconcile conflicting versions of the testimony and, in my view, failed to do so here. See, e.g., United Services Auto. Ass’n. v. Travelers Ins. Co., 255 So.2d 418 (La.App. 4th Cir. 1971) (Lemmon, J.) (“In a case where both .litigants present evidence on the same point, the decision on that point must favor one or the other, unless the evidence is exactly equal. When |2both sides present considerable evidence (as here), it is not practical and only remotely possible to accord exactly equal weight to the evidence on each side.”).