NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

23-292

BARBARA GUERIN SAIZON

VERSUS

TERRY G. DUKE, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20203940
HONORABLE SCOTT J. PRIVAT, DISTRICT JUDGE

**********

SHARON DARVILLE WILSON
JUDGE

**********

Court composed of Jonathan W. Perry, Sharon Darville Wilson, and Guy E. Bradberry, Judges.

AFFIRMED.

**Dean M. Arruebarrena**
**Michael B. Guerry**
**LEAKE & ANDERSSON, L.L.P.**
**1100 Poydras Street, Suite 1700**
**New Orleans, LA 70163-1701**
**(504) 585-7500**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Terry G. Duke**
    **Guidry's Catfish, Inc.**
    **Penn Millers Insurance Company**

**Ali Zito Meronek**
**ATTORNEY AT LAW**
**22755 Talbot Drive**
**Plaquemine, LA 70764**
**(225) 240-1729**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Barbara Guerin Saizon**

**WILSON, Judge.**

Plaintiff, Barbara Guerin Saizon, appeals the judgment of the trial court granting Defendants', Terry G. Duke, Guidry's Catfish Inc., and Penn Millers Insurance Company, motion for summary judgment. For the reasons expressed below, we affirm the judgment of the trial court.

I.

## ISSUES

In this appeal we must decide whether the trial court erred in granting the motion for summary judgment. On appeal, Ms. Saizon argues that there is a material question of fact as to the reason Terry Duke entered the lane of travel of Ms. Saizon, and the trial court misapplied the "Sudden Emergency Doctrine" in reaching its conclusion.

II.

## FACTS AND PROCEDURAL HISTORY

This appeal stems from a three-vehicle accident on a three-lane roadway in Lafayette. On August 19, 2019, at approximately 6:12 pm, Ms. Saizon was operating a 2008 GMC Sierra in the far-left southbound lane of Southwest Evangeline Thruway. At the same time, Anne Marie Margaret Cobb was operating a 2017 Chevrolet Cruze in the right lane of travel. Terry Duke was operating a 2018 Penske International LT625 truck in the middle lane. Ms. Cobb suddenly attempted to make a left-hand turn into the Burger King driveway, across multiple lanes of traffic, from the right lane. Ms. Cobb crashed into the front-right side of Mr. Duke's truck. Following the impact, Mr. Duke's truck entered Ms. Saizon's lane, and her vehicle swerved off the road and collided with a utility pole. On the date of the accident, Ms. Cobb was issued a citation for improper turning in violation of La.R.S. 32:104. Mr. Duke was not cited by the investigating police officer.

On August 11, 2020, Ms. Saizon filed a petition for damages against Terry G. Duke; his employer, Guidry's Catfish Inc.; their insurer, Penn Millers Insurance Company; the owner of the truck, Penske Truck leasing Co., L.P. (Penske); and their insurer, Old Republic Insurance Company (Old Republic). Defendants filed their answer, affirmative defenses, and jury demand on September 23, 2020. On December 22, 2020, Penske and Old Republic filed an exception of no cause of action. On March 22, 2021, all claims against Penske and Old Republic were dismissed with prejudice.

On September 1, 2022, the remaining defendants filed a motion for summary judgment asserting that there exists no genuine issue of material fact that Mr. Duke bears any liability and/or fault for any damages alleged by Ms. Saizon in the subject accident. On December 27, 2022, Ms. Saizon filed a memorandum in opposition to the motion for summary judgment and the defendants filed a reply memorandum in support of their motion for summary judgment on January 9, 2023. After multiple continuances, the motion for summary judgment was heard on February 6, 2023. Following oral argument, the trial court granted the motion for summary judgment dismissing all claims of Ms. Saizon against the remaining defendants. The judgment was signed on February 7, 2023. On March 16, 2023, Ms. Saizon filed a motion for devolutive appeal.

III.

## STANDARD OF REVIEW

Appellate courts review summary judgments de novo, applying the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991). A motion for summary judgment shall only be granted when

2

there are no genuine issues of material fact, and the mover is entitled to judgement as a matter of law. La.Code Civ.P. art. 966(A)(3).

## IV.

## LAW AND DISCUSSION

The crux of Ms. Saizon's appeal is whether the motion for summary judgment was properly granted. A motion for summary judgment shall only be granted when the motion, memorandum, and supporting documents show there are no genuine issues of material fact, and the mover is entitled to judgement as a matter of law. La.Code Civ.P. art. 966(A)(3). If the mover will not bear the burden of proof on the issue at trial, the mover's burden only requires the mover to "point out to the court the absence of factual support for one or more elements essential to the adverse party's claim[.]" La.Code Civ.P. art. 966(D)(1). Once the mover has successfully done this, the burden shifts to "the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.*

> A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion there is no need for a trial on that issue[,] and summary judgment is appropriate.
>
> Because it is the applicable substantive law that determines materiality, whether a particular fact is in dispute is "material" for summary judgment purposes can only be seen in the light of the substantive law applicable to the case.

*Jackson v. City of New Orleans*, 12-2742, 12-2743, pp. 5–6 (La. 1/28/14), 144 So.3d 876, 882, (citations omitted) *cert. denied*, 574 U.S. 869, 135 S.Ct. 197 (2014).

Defendants assert that Ms. Saizon will be unable to prove that Mr. Duke bears any fault for her damages as the cause of the accident was solely the fault of

Ms. Cobb. In support of their motion for summary judgment, the Defendants offered the affidavit of Mr. Duke, the answers to interrogatories and responses to requests for production of documents by Defendants, the petition for damages, and the deposition testimony of Ms. Saizon. According to the affidavit of Mr. Duke, Ms. Cobb was attempting to cross all lanes of traffic from the right lane to turn left into the Burger King parking lot. As she merged to the left, she made impact with the front right side of his truck. As a result of the collision, Mr. Duke's truck was forced into Ms. Saizon's lane of travel. He avers that he was traveling below the posted speed limit, his truck never left his lane of travel prior to the collision with Ms. Cobb's car, and he did not have sufficient time to avoid the impact.

The duty of a left-turning vehicle is governed by La.R.S. 32:104(A) which provides:

> No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in R.S. 32:101, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.

"Consistent with the legislation, the jurisprudence places a high degree of care upon a left-turning motorist." *Miller v. Leonard*, 588 So.2d 79, 82 (La.1991). "Moreover, the left-turning motorist involved in a collision is burdened with a presumption of negligence and must offer evidence to show he is free from negligence to avoid the imposition of liability." *Id.* at 83. Ms. Cobb completely breached her duty when she suddenly attempted a left turn and crashed into Mr. Duke, pushing his vehicle into Ms. Saizon's lane. There was no action on the part of Mr. Duke that gave rise to the accident. Defendants' evidence clearly shows that Ms. Cobb, and not Mr. Duke, is liable for the damages caused in the subject accident.

4

Once the Defendants pointed out the absence of factual support of Mr. Duke's negligence, the burden shifted to Ms. Saizon to produce support sufficient to establish the existence of a genuine issue of material fact or that the movers are not entitled to judgment as a matter of law. Ms. Saizon does not dispute that Ms. Cobb was at fault for the accident. However, she contends that Mr. Duke is partially at fault because he hit her vehicle, and this caused her to collide with a utility pole.

There is a dispute as to whether Mr. Duke actually struck Ms. Saizon's vehicle. Mr. Duke asserts that he never made impact with Ms. Saizon's vehicle, but rather his entrance into her lane forced her to swerve off the road where she then struck a utility pole. In either scenario, the act of Mr. Duke's truck entering Ms. Saizon's lane of travel directly caused her collision with the utility pole. Mr. Duke contends that his entrance into her lane was directly caused by the negligence of Ms. Cobb when her car forced him into the left lane. Even if Mr. Duke's truck made contact with Ms. Saizon, she still bore the burden of showing some action on his part that breached the duty of a prudent driver.

While Mr. Duke testified that he was pushed into the left lane, Ms. Saizon claims that Mr. Duke was negligent when he voluntarily entered her lane. Accordingly, she argues that there is a genuine issue of material fact as to whether Mr. Duke voluntarily or involuntarily entered her lane of travel. Ms. Saizon attempts to use the answers to interrogatories in support of her claim and notes that Mr. Duke stated he "swerved left" as he entered her lane. This, she argues, connotes voluntary action on his part. However, the full text of the answer states, "[w]hile turning, Cobb hit the right side of the Penske International LT625 operated by Duke, causing him to swerve left." The answer clearly indicated that it was the impact of Ms. Cobb's vehicle on Mr. Duke's vehicle that *caused* him to swerve. Thus, the movement was not voluntary. In addition, Ms. Saizon also attached a copy of Mr. Duke's affidavit

5

to her opposition and highlighted the portion which states, "[a]s a result of the collision with Cobb's vehicle, I was forced into Saizon's lane of travel." Although Ms. Saizon claims that Mr. Duke voluntarily entered her lane, the evidence she provided reveals the action was involuntary.

Ms. Saizon failed to produce any evidence to contradict Mr. Duke's version of events. In her deposition testimony, she stated that she did not see the collision between Mr. Duke and Ms. Cobb. Her knowledge of the accident is based entirely on what Mr. Duke subsequently told her. While she suggests that Mr. Duke voluntarily entered her lane, she admitted that its possible Ms. Cobb's car hit Mr. Duke's truck and forced it into her car. She also testified that she did not know why Mr. Duke entered her lane of travel and that she doesn't really remember what happened because it "all happened fast". Thus, despite the argument of Ms. Saizon, the trial court was not required to weigh evidence as the only evidence pointed to a lack of liability on the part of Mr. Duke.

Ms. Saizon can point to no improper action on the part of Mr. Duke and therefore, she cannot prove her negligence claim. Because Ms. Saizon has failed to establish that a genuine issue of material fact exists, it is not necessary to consider use of the "Sudden Emergency Doctrine." The trial court did not err in granting Defendants' motion for summary judgment.

V.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Plaintiff/Appellant, Barbara Guerin Saizon.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.