jiPER CURIAM.
Cornell Redford, appeals a jury verdict on the grounds that it improperly allocated 75% *703 fault to him and awarded him inadequate damages. We affirm.
FACTS
On April 3, 1991, between 7:30 a.m. and 8:00 a.m. the vehicles driven by Mr. Redford and the defendant, Hugo Boutte, collided at an intersection located in Lafayette, Louisiana known as the Southeast Evangeline Thruway and University Avenue. The intersection consists of fourteen lanes of travel. This intersection is controlled by a myriad of traffic lights. On the date of the accident, the traffic light was not working. The traffic was controlled by a Lafayette City police officer. Mr. Redford and Mr. Boutte |2collided when Mr. Boutte proceeded across the intersection pursuant to what he thought was a signal by the police officer to go forward. On the other hand, Mr. Redford proceeded across the intersection because he thought the light was green in favor of his lane of travel.
The jury rendered judgment in favor of Mr. Redford in the amounts of $2,566.00 representing his medical expenses, $2,743.00 representing his property damage, and $610.00 representing his general damages. However, the jury found Mr. Redford to be 75% at fault for causing his own damages. Thus, the judgment signed in conformity with the jury’s findings reduced Mr. Redford’s recovery by 75%, and he was awarded a total of $1,479.75.
LAW AND DISCUSSION

Allocation of Fault

The jury found Mr. Redford to be partially at fault for his injuries; thus, he is entitled to recover his damages reduced by a percentage thereof corresponding to his portion of comparative fault. Since the Louisiana legislature’s adoption of a comparative fault system, it has been the task of the factfinder to allocate shares of fault. La.Civ. Code art. 2323; Socorro v. City of New Orleans, 579 So.2d 931 (La.1991). In Watson v. State Farm Fire and Casualty Insurance Co., 469 So.2d 967 (La.1985), the supreme court stated:
“[i]n determining the percentages of fault, the trier of fact shall consider both the nature of the conduct of each party at fault and the extent of the causal relationship between the conduct and the damages claimed.”
Id. at 974.
In Socorro, supra, the supreme court, quoting from Watson, supra, set forth several factors which may influence the respective degrees of fault:
“In assessing the nature of the conduct of the parties, various factors may influence the degree of fault assigned, including (1) whether the conduct resulted from inad-vertanee or involved an awareness of danger, (2) how great a risk was created Isby the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought.”
Id. at 942.
Because each of the above factors which may influence the respective degrees of fault are factual considerations, the manifest error/clearly wrong standard is applicable. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993). The percentage allocation of fault in a comparative negligence ease is also a question of fact and as in any other question of fact it should not be disturbed in the absence of manifest error. Socorro, supra, 579 So.2d at 942.
After reviewing and evaluating the record and applying the factors as set forth in Socorro and Watson to assess the nature of the conduct of each party, we find that the jury was not clearly wrong nor did it commit manifest error in its allocation of fault.
Mr. Redford admitted that he thought the light was green when he proceeded across the intersection. Mr. Redford could not have seen a green light since the traffic light was not functioning at the time of the accident. Mr. Redford, therefore, failed to keep a proper lookout and see what he should have seen. Furthermore, Mr. Redford testified that he did not see a police officer directing traffic. The police officer testified that he was in the middle of the intersection and all vehicles *704 had come to a stop. Had Mr. Redford kept a proper lookout, he would have avoided plowing into the intersection at forty to forty-five miles per hour. The law requires every person to recognize that his conduct involves a risk of causing harm to himself and must recognize and take reasonable precautions to prevent such harm. Socorro, supra.
On the other hand, Mr. Boutte testified that he | noticed that the traffic light was not working and came to a stop at the intersection. He further testified that the only reason he proceeded into the intersection was because he misinterpreted the police officer’s hand signal. The officer testified that he was motioning to the vehicles in the left turning lane to go forward which was immediately to the left of Mr. Boutte’s lane of travel. The officer further stated that he did not use both hands to signal the left turning vehicles, by putting one hand up indicating that the vehicles in Mr. Boutte’s lane were to stop, and using his other hand to allow left turning vehicles to proceed. Furthermore, once Mr. Boutte began to cross the intersection, the police officer did not motion or blow his whistle to stop his advance into the intersection.
Mr. Boutte’s action, in crossing the intersection, was due to his awareness of the malfunctioning traffic light and his understandable misinterpretation of a traffic officer’s hand signal. Mr. Redford’s action, in crossing the intersection, was due to a total lack of awareness of what was going on. Thus, when comparing the respective degrees of causation regarding each party’s breach of their respective duties, the jury was entirely within the bounds of its fact finding duty to hold Mr. Redford 75% at fault under these facts.

Quantum

By his second assignment of error, Mr. Redford urges that the jury abused its discretion in awarding general damages in the amount of $610.00. The thrust of Mr. Redford’s argument on appeal is that Louisiana law requires that a general damage award be adequate in light of the injuries sustained by the plaintiff. Mr. Redford further claims that the jury awarded such a small amount because it believed that he was primarily the cause of the accident.
Mr. Redford’s credibility was seriously called into question. Throughout the trial, Mr. Redford responded [Kto questions asked by his own counsel and defense counsel in approximations and generalizations. When questioned about the speed of his vehicle, the time of day that the accident occurred, the number of cars in front of his car, the amount of time he missed from work and school due to his injuries, as well as the amount of time that he was in treatment, Mr. Redford never gave a straight answer. He further vacillated as to the number of days he missed work as well as whether he missed school at all. Mr. Redford also testified that he saw the doctor the evening of April 8, 1991, the date of the accident. However, the doctor’s records indicate that he did not go to the doctor until April 5, 1991.
Before this court can disturb an award made by the jury, the record must clearly reveal that the trier of fact abused its discretion. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). Since general damages are insusceptible of precise measurement, the jury has much discretion in assessing reasonable damages. La.Civ.Code art. 1999. There was no testimony by Mr. Redford’s treating physician as to his injuries. The only evidence in the record as to the amount of pain and suffering Mr. Redford experienced as a result of this accident is Mr. Redford’s testimony. The jury is in the best position to evaluate Mr. Redford’s credibility and this court must give great weight to its factual conclusions. Kibbe v. Lege, 604 So.2d 1366 (La.App.3d Cir.), writ denied, 606 So.2d 540, 541 (1992). Since the jury only awarded $610.00 in general damages, they implicitly found Mr. Redford’s testimony less than credible. We find that the general damage award of $610.00 is within the jury’s discretionary range.
For the above reasons, the judgment of the trial court is affirmed with costs to be taxed against plaintiff-appellant, Cornell Redford.
AFFIRMED.