670 So.2d 453 (1996)
Sheila Adkinson and Willie ADKINSON, Plaintiffs-Appellees-Appellants,
v.
BROOKSHIRE GROCERY COMPANY, INC., d/b/a Super 1 Food Store, Defendants-Appellees-Appellants.
No. 95-1021.
Court of Appeal of Louisiana, Third Circuit.
January 31, 1996.
Writ Denied April 8, 1996.
*454 Philip Gardiner Hunter, Alexandria, for Sheila Adkinson.
James Morgan Passman, Alexandria, for Brookshire Grocery Company, Inc.
Before YELVERTON, WOODARD and AMY, JJ.
WOODARD, Judge.
Plaintiff, Ms. Sheila Adkinson, slipped and was injured in a store operated by defendant, Brookshire Grocery Company. At trial, the court found both parties fifty percent at fault. They both appeal. We affirm.

FACTS
Brookshire Grocery Company (Brookshire) operates a warehouse-type grocery store under the name of Super One Foods in Pineville, Louisiana. On a rainy Sunday, September 26, 1993, Sheila Adkinson and a friend drove to the Super One Foods store. On the floor of the store was a stream of water which patrons had to cross to get from the entrance to the shopping carts. Upon entering, *455 Adkinson slipped, but did not fall. She stated that she did not see any water on the floor before she slipped, but assumed she slipped in water because it was on the calves of her legs.

ACTION OF THE COURT
Adkinson filed suit against Brookshire Grocery Company d/b/a/ Super One Foods, alleging injury to the bone, muscle, nerve, and tissue of her neck, back, and spine; bodily contusions and abrasions; a cervical strain; a lumbar strain; and muscle tension headaches. After a bench trial on January 26, 1995, the trial court found that: Adkinson had proved that water was on the floor; it had created a hazardous condition which caused her to slip; and Brookshire knew of the hazardous condition created by the wet floor.
Brookshire appeals this judgment, asserting that the trial court erred in applying an outdated version of La.R.S. 9:2800.6, in finding that Brookshire was liable, in holding that an unreasonable risk of harm existed, in holding that Brookshire had notice of the hazardous condition, and in assessing comparative fault. Adkinson appeals the allocation of fault.

LAW
Claims against merchants for damages arising from injuries sustained as a result of a fall due to a condition existing in or on the merchant's premises are governed by Louisiana Revised Statute 9:2800.6. The Louisiana Legislature enacted La.R.S. 9:2800.6 in 1988. The original version of the statute shifted the burden of proof to the defendant once the plaintiff proved that he had suffered damages as a result of a hazardous condition on the defendant's premises. The defendant was then obligated to show that he acted in a reasonably prudent manner to keep the premises free of any hazardous conditions. In 1990, the Legislature changed direction completely and enacted the current version of the statute which codifies the "traditional" rule of liability requiring actual or constructive knowledge and places the burden of proof squarely on the plaintiff (Welch v. Winn-Dixie Louisiana, Inc., 94,2331 (La. 5/22/95), 655 So.2d 309), as follows:
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, and in addition to all other elements of his cause of action, that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable; (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and
(3) The merchant failed to exercise reasonable care.
La.R.S. 9:2800.6.

BROOKSHIRE'S LIABILITY
Brookshire contends that the trial court erred by applying the 1988 version of La.R.S. 9:2800.6, since this accident happened in 1993, after the 1990 amendment. (1990 La.Acts No. 1025, Sec. 2). The judge, in his oral ruling, stated that once the plaintiff proved that the accident was caused by the hazardous substance, the burden of proof shifts to the merchant to exculpate himself from the presumption of negligence. This was legal error, as that was not the law when Adkinson had her accident. Instead, under the applicable law, as quoted previously, the burden of proof remains with the plaintiff. However, we find that, even so, Adkinson has proved her case under the law applicable. Thus, we find that the court's error was harmless.
The trial court found that the water created a hazardous condition. "A premise hazard is a condition or operation of the premises that results in an unreasonable risk of harm to customers under the circumstances." Bordelon v. Southern La. Health Care Corp., 467 So.2d 167, 169 (La.App. 3 Cir.), writ denied, 469 So.2d 989 (La.1985). The defendant has a duty to exercise reasonable care and to forestall harm to its customers *456 by taking precautions to prevent them from walking through wet or slippery areas. Breaux v. Wal-Mart Stores, Inc., 93-1035 (La.App. 3 Cir. 4/6/94), 635 So.2d 667, writ denied, 94-1098 (La. 6/24/94), 640 So.2d 1347. Whether the protective measures employed by a merchant are reasonable is determined in light of the circumstances in each case: the risk involved, the merchant's type and volume of merchandise, the type of display, the floor space used for customer service, the volume of business, the time of day, the section of the premises, and other such considerations. Saucier v. Kugler, Inc., 628 So.2d 1309 (La.App. 3 Cir.1993).
Brookshire is a business that sells groceries. The location of the accident is a high traffic area, where customers enter the store and employees bring in the grocery carts. The day was rainy. Employees brought buggies, dripping with water, through the same entrance customers used. The risk that water would wind up on the floor was great and foreseeable. Brookshire took some precautions but not enough. The store manager, Mr. Gregg Skelly, testified that the store policy requires constant supervision on rainy days; yet, Parnell Priester, the assistant manager on duty at the time of the accident, testified that instead of monitoring the front, he was in the back of the store "racking." Brookshire placed an employee at the entrance with a mop and bags for umbrellas and several caution signs to warn customers; however, it failed to change the water-saturated mats located in the entrance. Even with the precautions taken, one could anticipate that permitting people to walk on a wet, slippery surface, especially after coming from a water saturated mat, was an accident waiting to happen.
Plaintiff met her burden of proof under La.R.S. 9:2800.6.B(1)(2)(3) that there was a foreseeable risk of harm, that the defendant either created, by its neglect, or had actual or constructive notice, prior to the accident, of the condition which caused her damage, and that the defendant failed to exercise reasonable care on the day of the accident. Thompson v. Stalnaker's Restaurant Inc., 93-1447 (La.App. 3 Cir. 6/1/94), 640 So.2d 733, writ denied, 94-1799 (La. 10/14/94), 643 So.2d 165.

ALLOCATION OF FAULT
The determination and allocation of fault are subject to the manifest error clearly wrong standard of review. Redford v. Boutte, 93-1409 (La.App. 3 Cir. 6/8/94), 638 So.2d 702. We find that the trial court's application of the law in the case sub judice was not misplaced.
In addition to Brookshire's before stated duty to its patrons to avoid the hazard, Adkinson, likewise, bore responsibility. A patron must exercise reasonable care for his own safety when facing obvious hazards. Breaux, 635 So.2d 667.
Adkinson knew it was raining outside and knew or should have known that the floor probably would be wet and slippery. She also saw, or should have seen, the wet floor signs and should have taken precautions to prevent herself from falling.
Thus, given both parties' proven respective knowledge of the hazard, responsibility, and their choices, there is a rational basis in the record for the trial judge's apportionment of fault.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal are assessed equally between the parties.
AFFIRMED.
AMY, J., dissents.