L PICKETT, Judge.
The Plaintiff, Janelle Bernard, appeals a judgment of the trial court finding her 75% at fault in causing the accident that is the basis of this litigation. She further appeals the trial court’s award of general damages and future medical expenses. For the following reasons, we affirm as amended.
FACTS
The accident that instigated this litigation occurred on November 12, 1995. On that day, the Plaintiff, Janelle Bernard, was traveling eastbound in her car on Pin-hook Road (Pinhook) in Lafayette, Louisi *806 ana, with her two children, Tressea and Dametrius. At the same time, police officers and other emergency personnel were at | pthe scene of an accident at the Southwest corner of Pinhook and Evangeline Thruway (Evangeline). The intersection of Pinhook and Evangeline was under construction and marked by barricades, cones and signs. However, since it was Sunday, no work was being done at the location. Mrs. Bernard entered the intersection under a green light. At approximately the same time, Sergeant Tom Warren of the Lafayette Police Department, who was assisting at the accident scene, received a call that a major accident had occurred several blocks away. Sgt. Warren proceeded through the intersection behind Mrs. Bernard. Sgt. Warren then crossed over the center line to his left in a passing maneuver to get around Mrs. Bernard using his overhead lights and his siren. Mrs. Bernard, upon seeing the officer, stopped in the intersection to allow the police car to pass. While she was stopped, the traffic signal cycled from green to red. At this time, Chadwick Fontenot was traveling northward on Evangeline approaching the intersection. Upon seeing the traffic light turn green, Mr. Fontenot proceeded through the intersection where his vehicle struck Mrs. Bernard’s stationary car.
Following the accident, Mrs. Bernard was transported to Our Lady Lourdes Regional Medical Center (Our Lady of Lourdes) for treatment. She was diagnosed with back and leg pain, and discharged with instructions to take Advil as needed. Two days later, Mrs. Bernard returned to Our Lady of Lourdes suffering from continued pain in her back and pain in her back. She was diagnosed with cervical and lumbar strain and was released with instructions to receive further treatment. Mrs. Bernard then saw Dr. Michael Guarisco, a chiropractor, on December 1, 1995, complaining of headaches, neck pain, shoulder pain and upper back pain. Dr. Guarisco’s examination revealed a loss of cervical and lumbar range of motion. X-_Jrays3 taken revealed that Mrs. Bernard had kyphosis, a degenerative condition that caused cervical curve. Mrs. Bernard began receiving treatments from Dr. Guar-isco until April 8, 1996, at which time she was discharged.
On May 10, 1996, Mrs. Bernard filed a petition for damages against the City of Lafayette (Lafayette), Sgt. Warren, the State of Louisiana, through the Department of Transportation and Development (DOTD), Mr. Fontenot and State Farm Mutual Insurance Company (State Farm), Mr. Fontenot’s insurer. On April 20, 1998, a joint motion and order of dismissal was filed dismissing all claims against Lafayette, Sgt. Warren and DOTD. The case against the remaining Defendants, Mr. Fontenot and State Farm, went to trial on April 21, 1998. Following the trial, the trial court found Mrs. Bernard 75% at fault and Mr. Fontenot 25% at fault in causing the accident. The trial court further awarded damages in the following amounts:
Pain and suffering, past and future $5,000.00
Past medical expenses $3,652.60
Future medical expenses $ 500.00
Loss of wages $ 304.00
Plaintiffs deductible $ 500.00
The trial court further assessed Mr. Fon-tenot and State Farm with all costs of the proceeding. A judgment to this effect was signed on May 15, 1998. Mrs. Bernard now appeals alleging three assignments of error:
1. The trial court was clearly wrong in finding Jeanelle Bernard seventy-five (75%) percent at fault for the accident and in finding Chadwick Fontenot only twenty-five (25%) percent at fault for the accident.
2. The trial court was clearly wrong in the amount of general damages awarded to Jeanelle Bernard.
|43. The trial court was clearly wrong in the amount of future medical and chiropractic expenses awarded to Jea-nelle Bernard.
*807 OPINION
Apportionment of Fault
It is well settled that a trial court’s determination and allocation of fault are findings of fact which are subject to the manifest error/clearly wrong standard of review. Adkinson v. Brookshire Grocery Co., Inc., 98-1021 (La.App. 3 Cir. 1/31/96); 670 So.2d 453, unit denied, 96-0514 (La.4/8/96); 671 So.2d 339. An appellate court must do more than simply review the record for some evidence which supports or controverts the trial court’s finding. Stobart v. State, Department of Transportation and Development, 617 So.2d 880 (La.1993). The issue to be resolved by an appellate court is not whether the trier of fact was right or wrong, but whether the fact-findér’s conclusion was a reasonable one. Id.
In Watson v. State Farm Fire and Casualty Insurance Co., 469 So.2d 967 (La.1985), the Louisiana Supreme Court set out guidelines to assist in the determination of fault:
In assessing the nature of the conduct of the parties, various factors may influence the degree of fault assigned, including, (1) whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought. And, of course, as evidenced by concepts such as last clear chance, the relationship between the fault/negligent conduct and the harm to the plaintiff are considerations in determining the relative fault of the parties.
Id. at 974.
In the instant case, Mrs. Bernard properly entered the intersection under a green signal. La.R.S. 32:232(l)(a) provides that “ [vehicular traffic facing a circle green | .¡signal may proceed ■ straight through or turn right or left- unless a sign at such place prohibits such turn.” However, upon entering the intersection, Mrs. Bernard stopped in order to yield the right-of-way to an emergency vehicle. La. R.S. 32:125(A) (emphasis ours), which provides for the procedure when approached by an authorized emergency vehicle, provides:
Upon the immediate approach of an - authorized emergency vehicle making use of audible or visual signals, or of a police vehicle properly and lawfully making use of an audible signal only, the driver of every other vehicle shall yield the right of way and shall immediately drive to a position parallel to, and as close as possible to, the right hand edge or curb of the highway clear of any intersection, and shall stop and remain in such position until the authorized emergency vehicle has passed, except when otherwise directed by a police officer.
As such, Mrs. Bernard improperly stopped in the intersection when she yielded the right-of-way to Sgt. Warren.
As Mr. Fontenot approached the intersection, the traffic light he approached cycled from red to green. Upon seeing the green light, Mr. Fontenot proceeded through the intersection. This court has previously addressed the duty of a driver who has the right-of-way at a traffic signal in Jenkins v. Rougeau, 97-257, p. 4 (La.App. 3 Cir. 10/8/97); 702 So.2d 841, 843, unit denied, 97-2849 (La.1/30/98); 709. So.2d 715 (citing Baudoin v. Opie, 96-269, p. 3 (La.App. 3 Cir. 12/11/96); 685 So.2d 553, 555 (quoting Champagne y. McDonald, 355 So.2d 1335, 1343-44 (La.App. 3 Cir.1978))]. .
A motorist approaching an intersection controlled by semaphore signals, who is favored by a green light, is entitled to assume that traffic approaching the intersection from either side on a red light will comply with the red light and respect his right-of-way. The fa *808 vored motorist is not obligated to look to his left or right before entering the intersection!,] and will be held accountable only if he could have avoided the accident with the exercise of the slightest degree of care and fails to do so. All that is required is that the favored motorist maintain a general observation of the controlled intersection.
^Furthermore, a motorist who enters an intersection under a green light does not have a duty to observe traffic not yet in the intersection, however, the motorist does have a duty to allow traffic already in the intersection at the time of the light change to complete its crossing. Dale v. Carroll, 509 So.2d 770 (La.App. 2 Cir. 1987). A motorist who enters an intersection without waiting for the traffic already in the intersection to clear the intersection is negligent. Bordelon v. Aetna Cas. & Sur. Co., 494 So.2d 1283 (La.App. 2 Cir. 1986).
The evidence presented in the present case established that Mrs. Bernard was at a complete stop at the time Mr. Fontenot entered the intersection. Mr. Fontenot alleged that Mrs. Bernard’s vehicle “darted out” in front of him. However, the testimony of Mrs. Bernard, Sgt. Warren and Officer Mark Francis indicates that Mrs. Bernard had come to a complete stop, after legally entering the intersection, and that there was nothing to obstruct Mr. Fontenot’s view of Mrs. Bernard’s car. Thus, Mr. Fontenot was negligent in his failure to observe what was in front of him and for failing to allow Mrs. Bernard to clear the intersection.
The trial court in this matter attributed 75% of the fault to Mrs. Bernard for her failure to clear the intersection and 25% of the fault to Mr. Fontenot for his failure to see what he should have seen. We do not agree. Upon reviewing the record, we find that both parties’ conduct resulted from negligent actions, and both parties’ conduct created a higher level of risk. However, Mrs. Bernard’s conduct was precipitated by the actions of Sgt. Warren. As he entered the intersection, Mrs. Bernard became aware of an “authorized emergency vehicle” attempting to pass her. In her attempt to allow the officer to pass, she erroneously stopped in the middle of the road rather than clearing the intersection and pulling over to the right-hand side of the road. It 17is clear from the facts that Mrs. Bernard had only a matter of seconds to address the situation at hand. Thus, we find that her negligent conduct was hastened by the presence of the police car, which had its flashing light and siren in use, and that she reacted without the benefit of proper thought. Mr. Fontenot, however, has no such extenuating circumstance to rely upon.
Accordingly, we find that the trial court was clearly wrong in apportioning the majority of the fault to Mrs. Bernard. Therefore, we amend the trial court’s judgment and find Mrs. Bernard 25% at fault for failing to clear the intersection and Mr. Fontenot 75% at fault for failing to maintain a general observation of the controlled intersection.
Award of General Damages
In awarding damages, the trier of fact is generally granted much discretion. An appellate court cannot disturb the trier of fact’s award absent a clear showing of abuse of discretion. Jenkins v. Kerr-McGee Corp., 613 So.2d 1097 (La. App. 3 Cir.), writs denied, 616 So.2d 701 and 702 (La.1993). In determining whether a trier of fact has abused its discretion, we must look first to the individual circumstances of the case before us and not to prior awards. Reck v. Stevens, 373 So.2d 498 (La.1979); Stevens v. Hartford Ins. Co. of the Midwest, 94-523 (La.App. 3 Cir. 11/2/94); 646 So.2d 981, writ denied, 95-0311 (La.3/24/95); 651 So.2d 296.
The trial court awarded general damages in the amount of $5,000.00 for pain and suffering. The record indicates Mrs. Bernard was diagnosed with cervical and lumbar strain and suffered headaches, neck pain, shoulder pain and upper back *809 pain as a result. The record further indicates that she still suffers from neck pain and will probably suffer from it for the remainder of her life due to the kyphosis. Dr. Guarisco |Ropined that this condition probably resulted from the accident. However, on cross-examination, he admitted that the condition could have resulted from some other cause.
After reviewing the individual circumstances of the case, we cannot say the trial court abused its discretion in awarding Mrs. Bernard $5,000.00 in general damages. We find this assignment to be without merit.
Future Medical and Chiropractic Expenses
In Eddy v. Litton, 586 So.2d 670, 675 (La.App. 2 Cir. 1991), writ denied, 590 So.2d 1203 (La.1992) (citations omitted),the Second Circuit Court of Appeal examined a trial court’s discretion in awarding special damages:
The discretion afforded the trier of fact in to assess special damages is narrower or more limited than the discretion to assess general damages. Some special damages, such as medical and related expenses, cost to repair or replace damaged property, loss of wages, etc., are easily measured. A plaintiff pleading a special damage must produce some evidence by which that loss can be reasonably measured. Proof of a potential special damage or loss does not meet a plaintiffs burden of proof.
Dr. Guarisco testified at trial that Mrs. Bernard would require chiropractic treatment for the remainder of her life due to the cervical curve condition that she now suffered from. He also testified that she would require x-rays and certain medications for the remainder of her life. Dr. Guarisco’s testimony was based upon his examination of Mrs. Bernard the day before the trial. Prior to that exam, Dr. Guarisco had not seen Mrs. Bernard for approximately two years, at which time she was discharged from his care. Upon her discharge, Dr. Guarisco was of the opinion that Mrs. Bernard only needed periodic chiropractic treatment for another year.
Although the trial court did not specifically address the issue in its written reasons, it is clear from its judgment that the trial court did not agree with Dr. | flGuarisco’s medical assessment at trial. As the trial, court was able to hear the testimony, view the evidence and evaluate the credibility of the witnesses, it was in a better position to make an assessment on future medical and chiropractic expenses. As such, we will defer to the trial court’s award and find no abuse of discretion. This assignment is without merit.
DISPOSITION
For the foregoing reasons, the portion of the judgment allocating fault is hereby amended to set the fault attributable to Mrs. Bernard at 25%, and to set the fault attributable to Mr. Fontenot at 75%. The remainder of the judgment is hereby affirmed. All costs of this appeal are assessed equally between the Plaintiff and the Defendant.
AFFIRMED AS AMENDED.