764 So.2d 1038 (2000)
STATE of Louisiana
v.
Charles BATISTE.
No. 99 KA 1481.
Court of Appeal of Louisiana, First Circuit.
March 31, 2000.
*1039 Walter P. Reed, District Attorney, Dorothy Pendergrast, Metairie, for State of Louisiana.
Frank Sloan, Covington, for Defendant Appellant Charles R. Batiste.
Before: FOIL, WHIPPLE and GUIDRY, JJ.
FOIL, Judge.
The defendant, Charles Batiste, was charged by bill of information with illegal possession of stolen things valued over $500, in violation of La. R.S. 14:69. He pled not guilty and, after trial by jury, was found guilty as charged. Thereafter, the state filed an habitual offender bill of information and, during the hearing, the defendant stipulated to being a second felony habitual offender. He received a sentence of twelve years at hard labor.
The defendant appealed, alleging as his only assignment of error that the trial court erred in allowing the state to introduce, over defense objection, the NADA Blue Book to establish the value of the stolen property.

FACTS
The victim, Douglas Schmidt, an employee of Glazer Wholesale, had the use of a 1995 Jeep Cherokee owned by Glazer. On July 14, 1997, he discovered that the vehicle had been stolen from the parking space in front of his apartment in Metairie, Louisiana. He also found broken glass scattered on the ground in the space where the vehicle had been parked. He reported the missing vehicle to the police. On July 16, 1997, the St. Tammany Parish Sheriff's Office received an anonymous tip that there was a stolen vehicle behind a residence on Martin Luther King Drive in Lacombe, Louisiana.
When deputies arrived, they found a trailer next to the driveway. In the driveway was a Cadillac. As they approached the end of the driveway, the deputies saw a red 1995 Jeep Cherokee parked over a trash heap in high weeds behind the trailer. They determined that this was the vehicle that had been stolen from the victim.
The deputies found the defendant inside the trailer. When they arrested him, he asked to remove some of his things from the Jeep before it was towed. The deputies apparently retrieved a radio, some clothes, and a duffel bag from the Jeep. A woman living at the trailer identified these items as belonging to the defendant.
Later, at the Parish Jail, the defendant gave a statement. He explained that he had given Eddie Jones $75 in exchange for the use of the Jeep "for a couple of days." This transaction allegedly took place in New Orleans.

ASSIGNMENT OF ERROR
In his sole assignment of error, the defendant contends that the trial court *1040 erred in allowing the state to introduce, over defense objection, the NADA Blue Book to establish the value of the stolen property.
The victim, Mr. Schmidt, testified that the vehicle had been purchased new in 1995 for just over $18,000 and "was in pretty good condition" when it was stolen from him in July of 1997. When the vehicle was recovered, apparently there was some minor damage to it. However, when the prosecutor asked if there was significant damage which would, in his opinion, reduce the vehicle's value to less than $500, Mr. Schmidt replied in the negative.
Thereafter, when the prosecutor offered State Exhibit 2, a copy of the relevant page from the NADA Blue Book containing the retail, trade-in, and loan values for a 1995 Jeep Cherokee, defense counsel objected on the grounds of hearsay. The prosecutor responded that the business records exception applied. The trial court overruled the defense objection. The court did not accept the business records exception, but it noted that the exhibit fell under the market quotations provision of La.Code Evid. art. 803(17). Thereafter, the exhibit, which indicated that a base model 1995 Jeep Cherokee had a retail value of $9,275, a trade-in value of $7,275, and a loan value of $6,550, was admitted into evidence.
La.Code Evid. art. 803(17) provides:
The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
. . . .
(17) ...Market quotations, tabulations, lists, directories, or other published compilations, generally used and relied upon by the public or by persons in particular occupations.
In his brief to this court, the defendant asserts that State Exhibit 2 was inadmissible hearsay. He contends that the supporting testimony of an expert appraiser should have accompanied the NADA Blue Book. He further contends that the error cannot be harmless because the exhibit was used to establish the value of the stolen vehicle, an essential element of the offense. We disagree.
In our view, the NADA Blue Book, containing the relative commercial values of used vehicles, constitutes the exact type of publication contemplated by La.Code Evid. art. 803(17). This article does not condition the admissibility of such publications on the accompanying testimony of an expert appraiser, as the defendant suggests. We find that the trial court correctly overruled the defense objection. In any event, even assuming that the trial court erred in allowing this exhibit to be admitted into evidence, any error was harmless beyond a reasonable doubt. The values contained in this exhibit were merely cumulative and corroborative of the previously admitted testimony by the victim regarding the purchase price, and the condition and value of the vehicle both at the time it was stolen and when it was recovered from the defendant. Even without State Exhibit 2, there can be no doubt that the State established this stolen 1995 Jeep Cherokee was worth far in excess of $500, not only at the time it was stolen, but also when it was recovered from the defendant. See La.Code Crim. P. art. 921; State v. Byrd, 540 So.2d 1110, 1114 (La. App. 1st Cir.), writ denied, 546 So.2d 169 (La.1989). In fact, in his closing argument, trial counsel even conceded that the value of the vehicle was not an issue.
This assignment of error is meritless.
CONVICTION AND SENTENCE AFFIRMED.
GUIDRY, J., concurs.