WILLIAMS, J.
| defendants, Sharon M. Kissie, and her insurer, Safeway Insurance Company of Louisiana, appeal a trial court’s judgment, finding that Kissie was solely at fault in causing an automobile collision. Defendants also appeal the trial court’s award of property damages to plaintiff in the amount of $1,825. For the reasons that follow, we amend the judgment of the trial court to reduce the allocation of fault assessed to defendant to 75% and to assess plaintiff, Omeka Dotie, with 25% of the fault in causing this accident. We affirm the trial court’s judgment as amended.
FACTS
On July 1, 2008, at approximately 10:18 p.m., a two-vehicle collision occurred on Legardy Street in Shreveport, Louisiana. Plaintiff, Omeka Dotie, was operating her vehicle when she collided with a vehicle *945 driven by defendant, Sharon M. Kissie.[1] Plaintiff filed a lawsuit against the defendant and her insurer, Safeway Insurance Company of Louisiana (“Safeway”).
The issue of liability was hotly contested at trial. Both vehicles were traveling south on Legardy Street. Defendant testified that she was in the process of executing a right turn into her driveway when she was struck by plaintiffs vehicle. She further testified that the entire front end of her vehicle was in the driveway when the collision occurred.
Plaintiff testified that defendant was initially traveling in front of her; then, without any warning, defendant veered into the left lane and came to a complete stop. Plaintiff stated that the two vehicles collided when defendant suddenly swerved in front of her and attempted to execute a right | ?turn from the left lane.
Janet Dotie, plaintiffs mother, testified that she was a passenger in plaintiffs vehicle at the time of the accident. She stated that the two vehicles were traveling on Legardy when defendant veered into the left lane and came to a complete stop. Plaintiff initially came to a stop, but when defendant did not move, plaintiff proceeded. Dotie testified that defendant suddenly turned in front of plaintiff, causing the collision.
Antonio Bell, plaintiffs brother-in-law, also testified at trial. According to Bell, he was walking to a store when he witnessed “a piece” of the accident. He saw defendant’s vehicle “parked” on the wrong side of the road. Bell testified that defendant attempted to execute a right turn “right in front of’ plaintiff. He also stated that he observed plaintiffs vehicle as it went into a ditch. He stated that he walked up to plaintiffs vehicle and “checked on” plaintiff and her mother; he then walked back to the store.
Shreveport Police Department Corporal John Flores investigated the accident and testified at trial. He testified that defendant’s vehicle sustained damage from the middle of the passenger door to the rear of the vehicle; the entire front end of plaintiffs vehicle was damaged. The officer opined that defendant caused the accident while attempting to execute “a wide turn.”
After hearing the trial testimony, the trial court concluded that defendant was 100% at fault in causing the accident. The court awarded damages to plaintiff as follows: $1,825 for property damage; $3,978 for medical expenses and $5,250 in general damages.
Defendant and her insurer appeal.
^DISCUSSION

Liability

Defendant contends the trial court was manifestly erroneous in concluding that she was at fault in causing the motor vehicle accident. She argues that the physical evidence supports her testimony, and plaintiff was solely at fault. Alternatively, defendant contends the trial court erred in failing to apportion a percentage of the fault in causing the accident to plaintiff. She argues that at least 75% of the fault should have been allocated to plaintiff.
Under Louisiana jurisprudence, most negligence cases are resolved by employing a duty/risk analysis. The particular facts and circumstances of each individual case determine the extent of the duty and the resulting degree of care necessary *946 to fulfill that duty. Cormier v. T.H.E. Ins. Co., 98-2208 (La.9/8/99), 745 So.2d 1; Owen v. Smith, 44,493 (La.App.2d Cir.8/19/09), 16 So.3d 1274. A plaintiff must prove that the conduct in question was a cause-in-fact of the resulting harm, the defendant owed a duty of care to the plaintiff, the requisite duty was breached by the defendant and the risk of harm was within the scope of protection afforded by the duty breached. Id.; Berry v. State, Dept. Of Health and Human Resources, 93-2748 (La.5/23/94), 637 So.2d 412.
In a civil suit, the burden is on the plaintiff to prove the negligence of the defendant by a preponderance of the evidence. Miller v. Leonard, 588 So.2d 79 (La.1991); Owen, supra; Stone v. Bullard, 43,996 (La.App.2d Cir.1/28/09), 2 So.3d 1241. Proof is sufficient to constitute a preponderance when the entirety of the evidence, both direct and circumstantial, shows the fact sought to be proved is more probable than not. Cangelosi v. Our Lady of the Lake Regional Med. Ctr., 564 So.2d 654 (La.1989); Owen, supra.
Causation is a question of fact, and is, therefore, subject to the manifest error standard of review. Green v. K-Mart Corp., 2003-2495 (La.5/25/04), 874 So.2d 838; Mart v. Hill, 505 So.2d 1120 (La.1987). Under the manifest error standard, in order to reverse a trial court’s determination of a fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous. Stobart v. State, Dept. Of Transp. & Dev., 617 So.2d 880 (La.1993).
On review, an appellate court must be cautious not to reweigh the evidence or to substitute its own factual findings just because it would have decided the case differently. Ambrose v. New Orleans Police Dept. Ambulance Service, 93-3099 (La.7/5/94), 639 So.2d 216; Owen, supra. A reviewing court must give great weight to factual findings of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Id. The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only |sto a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts. Id.
Individual drivers have a duty to operate, control and use their automobiles reasonably, and to maintain a proper lookout for hazards which might pose an unreasonable risk of harm. Patrick v. State Farm Mut. Auto. Ins. Co., 42,197 (La.App.2d Cir.5/16/07), 957 So.2d 894, writ denied, 2007-1452 (La.10/12/07), 965 So.2d 400; McElroy v. Wilhite, 39,393 (La.App.2d Cir.5/18/05), 903 So.2d 627. The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable having due regard for the speed of such vehicle, and the traffic upon and the condition of the highway. LSA-R.S. 32:81 (A).
In the instant case, the court heard the testimony of several live witnesses. Defendant denied ever leaving the right lane before executing the right turn. However, Cpl. Flores testified that the location of the damage to each vehicle indicated that the accident occurred after the defendant attempted to execute a “wide turn” into her driveway. Plaintiff and her mother both testified that defen *947 dant, who was traveling in front of them, veered into the left lane, stopped, and suddenly executed a right turn in front of plaintiffs vehicle. Bell testified that he saw the defendant when she suddenly turned “right in front of’ plaintiffs vehicle.
After the conclusion of the testimony, the court stated:
In listening to the testimony, I am stuck with the impression that the defendant’s vehicle turned in front of the plaintiffs vehicle. That would then negate!,] as far as I am concerned!,] the preference that the following driver was at fault as it is the duty of the stopped vehicle to make sure it is safe to turn which I find did not take | f,place in this instance!.] [T]herefore[,] the defendant is liable for the wreck in my estimation more probable] than not.
After reviewing the record in its entirety, we find that a reasonable factual basis exists for the trial court’s conclusion that plaintiff proved, by a preponderance of the evidence, that defendant executed a sudden right turn in front of plaintiffs vehicle. Plaintiff, her mother and Bell all testified that defendant stopped in the left lane, then made a sudden right turn into plaintiffs lane of travel. Although defendant testified that she executed the right turn from the correct lane of travel, the investigating officer testified that the physical damage to the vehicles was not consistent with defendant’s statement. Cpl. Flores opined that the accident more than likely occurred as the defendant made a wide turn into the driveway.
However, plaintiff and her mother both testified that plaintiffs vehicle was traveling behind the defendant’s vehicle. As the driver of a vehicle, plaintiff had a duty to maintain a proper lookout for hazards which might pose an unreasonable risk of harm, such as a vehicle which, for whatever reason, was occupying the wrong lane of travel. Additionally, as the following motorist, plaintiff had a duty to refrain from following defendant’s vehicle more closely than was reasonable. Had plaintiff been traveling at a more reasonable distance behind defendant’s vehicle, perhaps the collision would have been avoided. Thus, based on the record, we find that both parties were at fault, and the trial court erred in concluding that defendant was 100% at fault in causing the accident.
In assigning percentages of fault attributable to each tort-feasor, a 17court should consider both the nature of each party’s conduct and the extent of the relation between that conduct and the damages suffered. Watson v. State Farm, Fire & Cas. Ins. Co., 469 So.2d 967 (La.1985); Matlock v. City of Shreveport, 45,920 (La.App.2d Cir.3/11/11), 58 So.3d 1131. In Watson, the Louisiana Supreme Court outlined the factors which should be considered in apportioning fault between parties:
In assessing the nature of the conduct of the parties, various factors may influence the degree of fault assigned, including: (1) whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought. And of course, as evidenced by concepts such as last clear chance, the relationship between the fault/negligent conduct and the harm to the plaintiff are considerations in determining the relative fault of the parties.
Id., at 974.
After weighing these factors against the conduct of the respective parties involved *948 in this case, it is clear that defendant was a primary cause of the accident. However, keeping in mind the trial court’s finding that defendant was negligent and that plaintiff was not, we modify the trial court’s finding and hold that plaintiff was 25% at fault in contributing to the accident; the remaining fault (75%) is assessed against defendant.

PropeHy Damages

Defendant also contends the trial court abused its discretion in awarding plaintiff $1,825 for the damage to her vehicle. She argues that plaintiff failed to meet her burden of proving the extent of the damage to the | ^vehicle by a preponderance of the evidence.
“Special damages” are those which must be specially pled or have a ready market value, that is, the amount of the damages supposedly can be determined with relative certainty. Neloms v. Empire Fire & Marine Ins. Co., 37,786 (La.App.2d Cir.10/16/03), 859 So.2d 225; Moody v. Blanchard Place Apartments, 34,587 (La.App.2d Cir.6/20/01), 793 So.2d 281, writ denied, 2001-2582 (La.12/14/01), 804 So.2d 647. Some special damages, such as medical and related expenses, cost to repair or replace damaged property, loss of wages, etc., are easily measured. Id. A plaintiff is required to prove special damages by a preponderance of the evidence, and the district court’s findings in this respect also are subject to a manifest error standard of review. Montgomery v. Kedgy, 44,601 (La.App.2d Cir.8/26/09), 21 So.3d 980, writ denied, 2009-2110 (La.11/25/09), 22 So.3d 167; Johnson v. State, Dept. of Public Safety and Corrections, 95-0003 (La.App. 1st Cir.10/6/95), 671 So.2d 454.
When a car has been damaged beyond repair as the result of an accident, the owner is entitled to the market value of the vehicle before the accident, less salvage value, if any. Neloms, supra; Smith v. English, 586 So.2d 583 (La.App.2d Cir.1991), writ denied, 590 So.2d 80 (La.1991). Testimony by an owner of a car as to its value can be sufficient proof with which to sustain an award. Neloms, supra; Williams v. Louisiana Indemnity Co., 26,887 (La.App.2d Cir.6/21/95), 658 So.2d 739.
In Neloms, supra, the defendant argued that the trial court erred in awarding the plaintiff $1,000 for the damage to her vehicle and in basing its ^valuation of the vehicle on the Kelley Blue Book value submitted by the plaintiff. Citing LSA-C.E. art. 803(17),[2] this court found “no error in the court’s decision to assign at least some weight to the Kelley Blue Book valuation.” Id., at 232; see also, State v. Batiste, 99-1481 (La.App. 1st Cir.3/31/00), 764 So.2d 1038, writ denied, 2000-1648 (La.6/22/01), 794 So.2d 778 (the introduction of the NADA Blue Book into evidence to determine the value of a vehicle was found to be acceptable).
In the instant case, the evidence of the value of and the damage to plaintiffs vehicle consisted of a Kelley Blue Book valuation of the car in excellent condition for retail sale and the testimony of witnesses. Cpl. Flores testified that there was “moderate” damage to plaintiffs vehicle after the accident. He stated that the *949 entire front end of the vehicle was damaged, including the left front quarter panel. Plaintiff testified that she purchased the vehicle in 2007 for $5,200. She stated that, other than having a “scratch” on the side of the vehicle, the vehicle had no other damage prior to the accident. Plaintiff and defendant both testified that during the accident, plaintiffs front bumper became attached to defendant’s vehicle. In addition to the damage to the front bumper, plaintiff also testified that her vehicle suffered damage to the hood and left front quarter panel. After the accident, emergency medical personnel had to pry the door open to get Implaintiff out of the vehicle. She further testified that her front bumper “came off’ when her father and brother attempted to detach her vehicle from defendant’s vehicle. She stated, “I got some tie ties and I tied the bumper up and managed to get the door to open and close, and I continued to drive it for a little while before the motor went out.” According to plaintiff, after the vehicle’s motor “locked,” she sold the vehicle for its salvage value.
After reviewing this record in its entirety, we find no abuse of the trial court’s discretion. Although there was no testimony that the vehicle was a total loss, the evidence clearly established that there was extensive damage to the front end and driver’s side of the vehicle. The competent evidence in the record is consistent with the trial court’s finding that this 1995 Toyota was a total loss. Plaintiff testified that emergency medical personnel had to pry the door open to assist her in exiting the vehicle. The entire front bumper of the vehicle became attached to defendant’s rear bumper during the accident. Efforts to detach the two vehicles resulted in the detachment of plaintiffs entire front bumper. Additionally, plaintiff and Cpl. Flores provided unrefuted testimony that the entire front end of plaintiffs vehicle was damaged in the accident, including the left-quarter panel.
This assignment lacks merit.
CONCLUSION
For the reasons set forth herein, we amend the judgment of the trial court to reduce the allocation of fault assessed to defendant, Sharon M. Kissie, to 75% and to assess plaintiff, Omeka Dotie, with 25% of the fault in causing the accident. The trial court’s judgment is affirmed as amended. InCosts of the appeal are assessed 75% to defendant and 25% to plaintiff.
AMENDED; AFFIRMED AS AMENDED.

. The vehicle driven by Kissie was owned by Garric Maple. Maple was not made a party to this lawsuit.

. LSA-C.E. art. 803(17) provides:
The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
(17) Market reports, commercial publications. Market quotations, tabulations, lists, directories, or other published compilations, generally used and relied upon by the public or by persons in particular occupations.