LIVINGSTON C. GUIDRY, ET UX.

VERSUS

KYSHA LASHANE BERNARD, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20110505
HONORABLE MARILYN C. CASTLE, DISTRICT JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of Jimmie C. Peters, Marc T. Amy, and Elizabeth A. Pickett, Judges.

AFFIRMED.

Pickett, J., dissents and assigns reasons.

Thomas R. Hightower, Jr.
A Professional Law Corporation
Post Office Drawer 51288
Lafayette, LA   70505
(337) 233-0555
COUNSEL FOR DEFENDANT/APPELLEE:
     Shelter Mutual Insurance Company
     Livingston Guidry

Glenn John Armentor
J. Christian Lewis
The Glenn Armentor Law Corporation
300 Stewart Street
Lafayette, LA   70501
(337) 233-1471
COUNSEL FOR DEFENDANT/APPELLANT:
     Kysha Lashane Bernard

**Nicholas Gachassin, Jr.**
**Gary Delahoussaye**
**Gachassin Law Firm**
**Post Office Box 80369**
**Lafayette, LA   70598-0369**
**(337) 235-4576**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
     **Livingston C. Guidry**
     **Phena Guidry**

**Michael J. Breaux**
**Post Office Box 51106**
**Lafayette, LA   70505-1106**
**(337) 235-8000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Shelter Mutual Insurance Company**
     **as Underinsured Motorist Carrier of Phena Guidry**

**Ian A. Macdonald**
**Jones Walker**
**Post Office Drawer 3408**
**Lafayette, LA   70502-3408**
**(337) 262-9000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Louisiana Farm Bureau CasualtyInsurance Company**

**AMY, Judge.**

The plaintiffs and defendants-in-reconvention brought this action, seeking damages for injuries allegedly suffered in an automobile accident. The defendant asserted that the accident was the plaintiff-driver's fault and brought a reconventional demand, seeking damages for her injuries. The trial court found that the determinative issue was which party possessed the green light and that, based on the evidence offered at trial, she could not discern which party had the green light. Accordingly, the trial court entered judgment denying both the plaintiffs' claims and the defendant's claims. The defendant appeals. For the following reasons, we affirm.

### Factual and Procedural Background

The parties to this matter were involved in an automobile accident at the intersection of Carmel Drive and Louisiana Avenue in Lafayette, Louisiana. The plaintiffs and defendants-in-reconvention, Livingston C. Guidry and Phena Guidry, were, respectively, the driver and passenger in a white Ford truck. The defendant and plaintiff-in-reconvention, Kysha Lashane Bernard, was the driver of a red Toyota sedan. According to their testimony and argument, the Guidrys alleged that Mr. Guidry turned right on to Louisiana Avenue from Carmel Drive on a green light and that the accident occurred past the intersection when Ms. Bernard changed lanes and collided with their vehicle. According to the record, after the Guidrys brought suit against Ms. Bernard and her insurer, Ms. Bernard filed a reconventional demand[1] against the Guidrys and several insurers, asserting that the

---

[1] We note that Ms. Bernard designated that the record contain only "(a) the transcript of the trial and the proffered testimony . . .; (b) the exhibits and proffered exhibits; [and] (c) [the] Trial Court's Judgment dated December 30, 2013." Thus, although the record contains the Guidrys' petition and amended petition it does not contain Ms. Bernard's answer or reconventional demand, the Guidrys' answer to Ms. Bernard's reconventional demand, or any

Guidrys were at fault in the accident and that they were liable for her injuries. Ms. Bernard contends that she had the green light and that Mr. Guidry failed to yield and turned in front of her.

After hearing evidence on liability, the trial court found that the accident occurred in the intersection and that the determinative issue was whether Mr. Guidry or Ms. Bernard had the green light. The record indicates that Mr. Guidry and Ms. Bernard both testified that they possessed the green light when they proceeded into the intersection. The trial court noted that, although Mr. Guidry and Ms. Bernard "both seem to be credible people[,]" they had "diametrically opposed stories." Further, the trial court observed that there was no corroboration of either Mr. Guidry or Ms. Bernard's testimonies. The trial court ultimately stated:

> I find both parties are very credible. And my job is not to flip a coin. And the law says, if the scales stay evenly balanced, there is no recovery. And that's what the situation is in the case. Neither side can prevail.
>
> And that's not to say -- Somebody definitely had the red light. But, based on the evidence, I cannot discern who that person is. And, therefore, I cannot -- I cannot find recovery for either party in this case.

Accordingly, the trial court entered judgment dismissing all of the parties' claims.

Ms. Bernard appeals, questioning the trial court's evidentiary findings and seeking an award of damages.

### Discussion

*Affidavit of Daniel Davis*

One of Ms. Bernard's arguments concerns the trial court's decision not to admit an affidavit signed by Daniel Davis. More specifically, Ms. Bernard

---

other motions filed prior to the entry of judgment. However, our review reveals no objection concerning these documents or their lack thereof in either the record or in the parties' appellate briefs.

complains that "[t]he trial court clearly erred in not admitting and considering Mr. Davis's sworn independent testimony in determining liability in Ms. Bernard's favor."

The record indicates that Ms. Bernard subpoenaed Mr. Davis to testify at the trial. Although Mr. Davis was personally served with the subpoena, he did not appear at trial. Ms. Bernard attempted to submit Mr. Davis' previously-executed affidavit into evidence on the basis that, by voluntarily refusing to comply with the subpoena, Mr. Davis was "unavailable."[2] However, the trial court rejected Ms. Bernard's argument that Mr. Davis was "unavailable" and offered to issue a writ of attachment and have Mr. Davis "pick[ed] up" by the sheriff. However, Ms. Bernard declined the trial court's offer and instead proffered Mr. Davis' affidavit.

The trial court's determination regarding whether evidence is admissible or inadmissible will not be overturned absent clear error. *Folse v. Folse*, 98-1976 (La. 6/29/99), 738 So.2d 1040. Louisiana Code of Evidence Article 804(A) states, in relevant part, that:

> [A] declarant is "unavailable as a witness" when the declarant cannot or will not appear in court and testify to the substance of his statement made outside of court. This includes situations in which the declarant:
>
> . . . .
>
> (5) Is absent from the hearing and the proponent of his statement has been unable to procure his attendance by process or other reasonable means. A declarant is not unavailable as a witness if his exemption, refusal, claim of lack of memory, inability, or absence is due to the procurement or wrong-doing of the proponent of his statement for the purpose of preventing the witness from attending or testifying.

---

[2] According to the trial transcript, there was a motion in limine filed, apparently concerning Mr. Davis' testimony. However, the motion in limine is not contained in the record.

Further, Article 804 provides several exceptions to the hearsay rule and provides that:

> In a civil case, a statement not specifically covered by any of the foregoing exceptions if the court determines that considering all pertinent circumstances in the particular case the statement is trustworthy, and the proponent of the evidence has adduced or made a reasonable effort to adduce all other admissible evidence to establish the fact to which the proffered statement relates and the proponent of the statement makes known in writing to the adverse party and to the court his intention to offer the statement and the particulars of it, including the name and address of the declarant, sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it. If, under the circumstances of a particular case, giving of this notice was not practicable or failure to give notice is found by the court to have been excusable, the court may authorize a delayed notice to be given, and in that event the opposing party is entitled to a recess, continuance, or other appropriate relief sufficient to enable him to prepare to meet the evidence.

La.Code Evid. art. 804(B)(6).

The party asserting the admissibility of the statement bears the burden of proving the unavailability of the declarant. *Finch v. ATC/Vancom Mgmt. Servs. Ltd. P'ship*, 09-483 (La.App. 5 Cir. 1/26/10), 33 So.3d 215. In *Driscoll v. Stucker*, 04-589, p. 24 (La. 1/19/05), 893 So.2d 32, 50, the supreme court stated that "a witness is not unavailable for purposes of the exception to the confrontation requirement unless the authorities have made a diligent and good faith effort to obtain his presence at trial." *See also Finch*, 33 So.3d 215. Additionally, in order for evidence to be admissible under the "catchall" exception in Article 804(B)(6), it must have circumstantial guarantees of trustworthiness and there must be a necessity for its introduction in a particular case. *Trascher v. Territo*, 11-2093 (La. 5/8/12), 89 So.3d 357 (quoting *Buckbee v. United Gas Pipe Line Co.*, 561 So.2d 76 (La.1990)).

Our review of the record indicates that, although Mr. Davis was served, he failed to appear at trial. The trial court offered to issue a writ of attachment and have the sheriff locate Mr. Davis. That offer was refused by Ms. Bernard. Thus, there is sufficient evidence in the record to support a conclusion that, by not availing herself of the trial court's offer to have Mr. Davis brought to court, Ms. Bernard failed to make a diligent and good faith effort to obtain Mr. Davis' presence at trial. Accordingly, given the trial court's discretion in deciding whether to admit evidence, we find no error in the trial court's decision to exclude Mr. Davis' affidavit.

*Liability*

Ms. Bernard also argues that the trial court erred in finding that the evidence was in equipoise. Ms. Bernard argues that the supreme court has expressed disapproval of trial courts' findings that evidence is in equipoise and offers reasons why liability should be determined in her favor and against the Guidrys.

The trial court's factual findings are subject to the manifest error standard of review, and, in order for an appellate court to reverse the trial court's factual finding, the appellate court must review the record in its entirety and make a determination that there is no reasonable factual basis for the finding and the record establishes that the fact finder is clearly wrong or manifestly erroneous. *Dotie v. Safeway Ins. Co. of La.*, 46,840 (La.App. 2 Cir. 3/14/12), 87 So.3d 942 (citing *Stobart v. State, through DOTD*, 617 So.2d 880 (La.1993)). Further, the appellate court should not reweigh the evidence or substitute its own factual findings for those of the trial court just because it would have decided the case differently. *Id.*

5

In *Miller v. Leonard*, 588 So.2d 79, 81 (La.1991) (citations omitted), the supreme court discussed the burden of proof in negligence cases, including those cases where the defendant brings a reconventional demand, stating:

> In civil suits the plaintiff bears the burden of proving negligence of the defendant by a preponderance of the evidence. Moreover, a plaintiff-in-reconvention bears the burden of establishing his claim in the same manner as the plaintiff in the main demand. Proof by direct or circumstantial evidence is sufficient to constitute a preponderance when the entirety of the evidence establishes the fact or causation sought to be proved is more probable than not. If the party bearing the burden of proof fails to satisfy his burden of proof by a preponderance of the evidence, his case fails to outweigh his adversary's case and he necessarily loses.

In *Miller*, the supreme court addressed those situations where the trial court determines that the evidence offered at trial is balanced. Although the supreme court found that the trial court was manifestly erroneous in its factual determination, and thus entered judgment in favor of the plaintiff, it addressed the equipoise issue. *Id.* The supreme court discussed its previous opinion in *Fridge v. Talbert*, 158 So. 209, 212 (La.1934), which stated, in relevant part:

> Where witnesses differ, the courts should reconcile, if possible, the apparent contradictions their testimony presents. If this cannot be done, then the probabilities or improbabilities of their respective statements must be considered in the light of their capacity, opportunity or incentive for observation, the amount of corroboration, if any, and the degree of proof required.

The supreme court observed in *Miller* that *Fridge* "merely reiterates the unremarkable proposition [that] the plaintiff bears the burden of proof in making out his case[,]" and cautioned that the language in *Fridge* "should not be interpreted to mean the trial court must decide for either one or the other of the opposing plaintiffs *in spite of* evidence which is in equipoise." *Miller*, 588 So.2d at 83. Accordingly, the supreme court concluded that where neither opposing plaintiff satisfies his burden of proof, and the evidence is truly balanced, it is

inappropriate for the trial court to "render a decision based on the fortuitous flip of a coin." *Id.* at 84. However, this court has stated that the trial court's function is to resolve disputes, and it should do so even where the dispute is difficult. *Chargois v. Guillory*, 97-439, 97-440 (La.App. 3 Cir. 10/29/97), 702 So.2d 1068.

Here, the Guidrys and Ms. Bernard offered conflicting versions of the accident. Mr. Guidry and Mrs. Guidry both testified that the accident occurred some distance away from the intersection. According to Mrs. Guidry, Mr. Guidry had completed his turn from Carmel Drive and was in the right hand lane on Louisiana Avenue when Ms. Bernard struck their vehicle. Mr. Guidry's testimony was similar in this respect. He testified that he had completed his turn and travelled between three and five car lengths before Ms. Bernard's vehicle struck his vehicle from the left side. Mr. Guidry testified that he did not hear any brakes squealing or horn honking before the impact. However, in his written statement, Mr. Guidry stated that "[w]hile turning right on green light, my vehicle was struck on the left front tire area." Mr. Guidry attributed this inconsistency to it being "hectic" while he wrote the statement and to his worries over his wife's injuries. Additionally, the investigating police officer, Detective Marion James Borel, testified that he initially thought that the accident occurred in the intersection, but that he had subsequently changed his opinion and thought the accident occurred after the intersection. Detective Borel testified that his initial impression was that Ms. Bernard had been in the right turn only lane on Louisiana Avenue, but that he changed his mind after attending a city court hearing.

Ms. Bernard testified that she was in the right hand traffic lane on Louisana Avenue immediately before the accident, not the right turn only lane. She saw Mr. Guidry stopped on Carmel Drive for the light and that, while she was in the middle

7

of the intersection, he proceeded to make a right turn in front of her. According to Ms. Bernard, she pressed her brakes and blew her horn. However, she could not avoid the accident because there was a truck in the lane next to her. Ms. Bernard testified that the accident occurred near the marked lines for the crosswalk at the intersection. The parties also submitted into evidence several photographs depicting the location of the vehicles and some debris immediately after the accident.

After considering this evidence, the trial court found that the accident occurred in the intersection. Our review of the record reveals sufficient evidence to support this conclusion, and we find no manifest error in the trial court's conclusion in this regard.

Based on this finding, the trial court determined that the dispositive issue with regard to liability was whether Mr. Guidry or Ms. Bernard possessed the green light. *See* La.R.S. 32:232; *Bernard v. City of Lafayette*, 98-1815 (La.App. 3 Cir. 5/5/99), 735 So.2d 804. On this issue, Mr. Guidry testified that, when he approached the intersection, the light was red and he "rolled up to the stop and stopped." According to Mr. Guidry, after he made a complete stop, he noticed that the light had turned green, so he turned right. Further, in his written statement to the police, Mr. Guidry asserted that his light was green when he entered the intersection. Mr. Guidry denied seeing Ms. Bernard's vehicle in the intersection. Mrs. Guidry's testimony on this issue was not helpful, as she testified that she did not notice what color the light was when Mr. Guidry began to turn.

Ms. Bernard testified that she saw Mr. Guidry stopped on Carmel Drive for the light. According to Ms. Bernard, the traffic signal was still green in her favor when Mr. Guidry made a right turn onto Louisiana Avenue in front of her. Ms.

8

Bernard testified that the cars turning left from Carmel Drive onto Louisiana Avenue were stopped the entire time she was in the intersection and that she would have stopped if they had a green light. Ms. Bernard denied being on her cell phone at that time, and her attorney showed her cell phone records in support of her assertion.

The trial court entertained argument on this issue, noting that Mr. Guidry and Ms. Bernard said "diametrically opposing things about who had the light" and that the physical evidence was not helpful in that determination. The trial court also observed that there was no corroboration for most of the testimony. After considering the evidence and argument, the trial court found that both parties were "very credible" and that, based on the evidence provided, she could not determine which party had the red light. On that basis, and noting that "[her] job is not to flip a coin[,]" the trial court determined that she could not find in favor of either party.

Our review of the record reveals no error in the trial court's finding in this regard. We find that the facts of this case are distinguishable from those in *Miller*, 588 So.2d 79, because, although there was also physical evidence in *Miller*, the physical evidence "strongly corroborate[d]" the plaintiff's version of the accident. *Id.* at 82. Here, the physical evidence does not do so. Further, the facts of this case are distinguishable from *Chargois*, 702 So.2d 1068, where this court found that the trial court erred in finding that neither party had proven their case. In *Chargois*, there was testimony from the plaintiff-driver and his passengers concerning how the accident occurred, as well as corroboration in the form of a statement made by the defendant-driver to the responding officer on the night of the accident. This court found that the trial court erred in discounting the passengers' uncontradicted testimony and that, although the defendant-driver changed his original statement

9

and attempted to establish that the layout of the intersection would have prevented the plaintiff-driver from seeing what he claimed to have seen, that evidence was not sufficient to rebut the plaintiff's prima facie case. *Id.*

In the record before this court, the parties offered no physical evidence which would indicate what color the traffic signal was when either Mr. Guidry or Ms. Bernard entered the intersection. Neither side offered any corroborating witness testimony or other evidence concerning the color of the light. Although Ms. Bernard had an independent witness, Mr. Davis, who presumably would have testified that the light was green in Ms. Bernard's favor at the time of the accident, she declined the trial court's offer to have Mr. Davis brought to court to testify, and we have found no error in the trial court's decision to exclude Mr. Davis' affidavit. Although Ms. Bernard points to several inconsistencies in Mr. Guidry's testimony, those inconsistencies primarily concerned where the accident occurred, not whether Mr. Guidry possessed the right-of-way to enter the intersection. Further, we note that the trial court's determination that Mr. Guidry was very credible in light of the Guidrys' misperception as to where the accident occurred is not necessarily irreconcilable, as "[a] witness is often honestly mistaken when testifying to the existence or nonexistence of a fact, and the courts must use their own reason and common sense in determining the probability or improbability of his statements." *Fridge*, 158 So. at 212.

It was the trial court's prerogative to make credibility findings and reasonable inferences of fact, and in the absence of manifest error, this court should not disturb those findings. *Stobart*, 617 So.2d 880. Noting that each opposing plaintiff bears the burden of proof in his or her case, and based on the evidence contained in the record before us, we cannot say that the trial court erred

10

in determining that the evidence was insufficient to determine which party had the red light and that, therefore, neither party was entitled to recovery. *See Miller*, 588 So.2d 79; *Lewis v. Barnes*, 31,342 (La.App. 2 Cir. 12/9/98), 722 So.2d 341.

Ms. Bernard's arguments in this regard are without merit. Further, having resolved her arguments concerning liability, we do not address her arguments concerning damages.

## DECREE

For the foregoing reasons, the judgment of the trial court signed on December 30, 2013, is affirmed. Costs of this appeal are assessed to the appellant, Kysha Lashane Bernard.

**AFFIRMED.**

**LIVINGSTON C. GUIDRY, ET UX.**

**VERSUS**

**KYSHA LASHANE BERNARD, ET AL.**


**Pickett, J., dissenting:**

I respectfully disagree with the majority's determinations that the trial court did not commit manifest error in finding the evidence is in equipoise and that neither party carried his burden of proof. The trial court found both drivers to be credible but determined that neither proved the signal light governing the intersection was green in his or her favor when the accident occurred. After reviewing the record, I conclude the trial court committed manifest error in reaching these conclusions.

The trial court concluded the physical damage to the parties' vehicles supported Ms. Bernard's testimony that the accident happened in the intersection while Mr. Guidry was in the process of turning from Carmel Drive onto Louisiana Avenue. To reach this conclusion, the trial court had to reject Mr. Guidry's testimony that the accident occurred north of the intersection after he completed his turn. Additionally, the trial court rejected Mr. Guidry's testimony that he looked to his left before he began his turn but did not see Ms. Bernard approaching the intersection, observing that was not possible. Moreover, the day of the accident, in a written statement provided to the investigating police officer,

Mr. Guidry stated that he was turning when he got hit. Yet, he testified at trial that he had completed his turn and was traveling on Louisiana Avenue when he was hit.

In my opinion, the trial court's conclusion that Mr. Guidry's testimony was credible is inconsistent with its findings of fact and the evidence. Furthermore, no evidence disputes Ms. Bernard's version of the accident. For these reasons, I conclude that the evidence is not in equipoise and that Ms. Bernard carried her burden of proof.