NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-599

JOSEPH ARNAUD

VERSUS

UNITED SPECIALTY INSURANCE COMPANY, ET AL.

**********
APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 85511
HONORABLE GREGORY P. AUCOIN, DISTRICT JUDGE
**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Elizabeth A. Pickett and Shannon J. Gremillion, Judges.

AFFIRMED.

Thomas J. DeJean
DeJean & Leger, L.L.C.
806 South Main St.
Opelousas, LA 70570
(337) 948-9066
COUNSEL FOR PLAINTIFF-APPELLANT:
    Joseph Arnaud

Richard E. King
Olivia Y Truong
Jamie A. Futral
Melchiode Marks King, LLC
639 Loyola Ave, Ste 2550
New Orleans, LA 70113
(504) 336-2880
COUNSEL FOR DEFENDANTS-APPELLEES:
    United Specialty Insurance Company
    Dave Daigle Hauling, LLC
    Glynn Mason

**PICKETT, Judge.**

Joseph Arnaud appeals a judgment of the trial court dismissing his claims against the defendants, following a jury verdict which found he did not prove negligence on the part of Glynn Mason.

## FACTS

This lawsuit arises out of a vehicle collision that occurred on Highway 90 in Lafayette Parish on July 22, 2016. Joseph Arnaud was driving an eighteen-wheeler in the middle of three lanes at 10:30 p.m. Glynn Mason was driving a dump truck in the opposite direction. Glynn Mason executed a left-hand turn from the turn lane. The vehicles collided and were engulfed in flames. Both Mr. Arnaud and Mr. Mason claimed they had the right of way. Both men were in the course and scope of their employment at the time of the accident. There were no witnesses to the collision, and the devices which would have recorded information from the vehicles were destroyed in the ensuing fire.

Mr. Arnaud filed suit against Mr. Mason, his employer, David Daigle Hauling, LLC, and United Specialty Insurance Company, their insurance carrier, alleging that Mr. Mason negligently caused the collision. Mr. Arnaud sought damages for the injuries he sustained as a result of the accident. The matter proceeded to a jury trial.

Following a trial, the jury found that Mr. Arnaud did not prove by a preponderance of the evidence that Mr. Mason's conduct was sub-standard or negligent nor that he was at fault in causing the accident. The trial court issued a judgment dismissing Mr. Arnaud's claims against all defendants, in conformity with the jury's verdict. Mr. Arnaud now appeals.

## ASSIGNMENTS OF ERROR

Mr. Arnaud asserts two assignments of error:

1.  The trial court committed legal error in allowing the police officer investigating this accident to give his lay opinion as to fault in this accident.

2.  The jury committed manifest error in finding no fault on the part of defendant driver, Glynn Mason, in causing the accident.

## DISCUSSION

Before the trial of this matter began, Mr. Arnaud asked the court to limit the testimony of the investigating officer, Officer Jeffrey Trahan of the Lafayette Police Department:

> But the more important issue is whether or not it's relevant to have either party say, or even the police officer say that they did not get a ticket in this accident because the officer couldn't ascertain fault, he did not issue to each, either party a ticket. And that's his opinion. And I think that's irrelevant. You may think otherwise. I know that if either party would have pled guilty to a ticket it's relevant at a hearing, but the mere fact that the police officer didn't give a ticket is the police officers opinion and that should be the province of the jury.

The trial court ruled that the parties could ask the police officer if any traffic violations were found.

During his testimony, Officer Trahan responded to questions posed by counsel for the defendants:

> Q:   In that third paragraph, did you say that no citation was issued?
>
> A:   Yes.
>
> Q:   Okay. And how come that was?
>
> A:   Due to the conflicting statements.
>
> Q:   Okay.
>
> A:   How can I word it? Vehicle 1 and 2 both had discontinuing, not discontinuing, they had irregarding [sic] statements. One, they were both saying they had a green light, but he was saying he was unsure. So I couldn't, I couldn't cite him for it and

2

come to court and say, I know for sure he ran the red light for either one.

Q: Okay.

A: So that's why I decided not to write a citation.

In *Haas v. Romero*, 07-974, p. 4 (La.App. 3 Cir. 2/20/08), 977 So.2d 196, *writ denied*, 08-650 (La. 6/6/08), 983 So.2d 917, this court explained the opinion testimony a lay witness can provide:

Louisiana Code of Evidence Article 701 permits lay witnesses to offer testimony in the form of opinions or inferences if such testimony is 1) rationally based on the perception of the witness and is 2) helpful to a clear understanding of his or her testimony or the determination of a fact in issue. A trial court is afforded broad discretion in permitting testimony of a lay witness in accordance with Article 701. *Eldridge v. Carrier*, 04-203 (La.App. 3 Cir. 11/17/04), 888 So.2d 365, *writ denied*, 04-3174 (La.3/11/05), 896 So.2d 66; La.Code Evid. art. 701, comment b.

"[T]he trial court has vast discretion in deciding the admissibility of evidence, and its decision will not be reversed on appeal absent an abuse of that discretion. *O'Neill v. Thibodeaux*, 97-1065 (La.App. 3 Cir. 3/6/98); 709 So.2d 962." *Whitehead v. Kansas City Southern Ry. Co.*, 99-896, p. 11 (La.App. 3 Cir. 12/22/99), 758 So.2d 211, 219, *writ denied*, 00-0209 (La.4/7/00), 759 So.2d 767.

The defendants argue that Mr. Arnaud did not make a contemporaneous objection to Officer Trahan's testimony, and thus any error was waived. We find that the objection made before the beginning of trial was sufficient to preserve the issue for appeal. *See* La.Code Civ.P. art. 1635.

Mr. Arnaud cites *Maricle v. Liberty Mutual Insurance Co.*, 04-1149 (La.App. 3 Cir. 3/2/05), 898 So.2d 565, to support his claim that the opinion testimony of Officer Trahan was inadmissible. In *Maricle*, this court found that an inexperienced state trooper who was not qualified as an expert in accident reconstruction was improperly allowed to give opinion testimony regarding how

3

the accident in question occurred. That case is distinguishable from the case currently before us, where Officer Trahan testified that, based on the statements of Mr. Arnaud and Mr. Mason, he could not determine who was at fault and declined to issue a citation to either driver. This left the jury to determine the issue of fault. We find the trial court did not abuse its discretion in allowing the testimony of Officer Trahan.

This court discussed the manifest error standard of review and the burden of proof of the plaintiff alleging negligence of the defendant in *Guidry v. Bernard*, 14-234, p. 5-6 (La.App. 3 Cir. 6/18/14), 142 So.3d 1063, 1067, *writ denied*, 15-74, (La. 4/2/15), 164 So.3d 814:

> The trial court's factual findings are subject to the manifest error standard of review, and, in order for an appellate court to reverse the trial court's factual finding, the appellate court must review the record in its entirety and make a determination that there is no reasonable factual basis for the finding and the record establishes that the fact finder is clearly wrong or manifestly erroneous. *Dotie v. Safeway Ins. Co. of La.*, 46,840 (La.App. 2 Cir. 3/14/12), 87 So.3d 942 (citing *Stobart v. State, through DOTD*, 617 So.2d 880 (La.1993)). Further, the appellate court should not reweigh the evidence or substitute its own factual findings for those of the trial court just because it would have decided the case differently. *Id.*

> In *Miller v. Leonard*, 588 So.2d 79, 81 (La.1991) (citations omitted), the supreme court discussed the burden of proof in negligence cases, including those cases where the defendant brings a reconventional demand, stating:

>> In civil suits the plaintiff bears the burden of proving negligence of the defendant by a preponderance of the evidence. Moreover, a plaintiff-in-reconvention bears the burden of establishing his claim in the same manner as the plaintiff in the main demand. Proof by direct or circumstantial evidence is sufficient to constitute a preponderance when the entirety of the evidence establishes the fact or causation sought to be proved is more probable than not. If the party bearing the burden of proof fails to satisfy his burden of proof by a preponderance of the evidence, his case fails to outweigh his adversary's case and he necessarily loses.

4

Mr. Arnaud testified that he had the green light and the right of way. Mr. Mason testified that he had the green arrow and the right of way. Mr. Arnaud argues that in Mr. Mason's written statement to Officer Trahan, Mr. Mason said he "thought" he had the right of way. At trial, he testified that he did have the right of way. There was no additional evidence to support either Mr. Arnaud's version of the facts or Mr. Mason's version of the facts. There were no witnesses and no documentary evidence. The jury was forced to make a credibility determination. A jury is in the best position to evaluate witness credibility, and the manifest error standard demands we afford great deference to the jury's view of the evidence. *Bonin v. Ferrellgas, Inc.*, 03-3024 (La.7/2/04), 877 So.2d 89. We find the jury's determination that Mr. Arnaud failed to prove that Mr. Mason was negligent by a preponderance of the evidence is supported by the record. Therefore, there is no manifest error.

## CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed to Mr. Arnaud.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules−Courts of Appeal, Rule 2−16.3.

5